UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 JUL 14 P 4: 18

|  |  |  |
|---|---|---|
| CHARLIE THORNTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:05CV656 |
| | ) | |
| FEDERAL EXPRESS, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, FedEx Ground Package System, Inc. ("FedEx Ground"), incorrectly identified as "Federal Express" in <u>Charlie Thornton v. Federal Express</u>, Case No. CV-05-1317, a case originally filed in the Circuit Court of Montgomery County, Alabama (the "Action"), hereby removes this Action to this Federal Court.

Removal of this Action is proper for the following reasons:

1.  On or about May 25, 2005, Plaintiff Charlie Thornton ("Plaintiff") commenced this Action against FedEx Ground in state court by filing a complaint ("Complaint") in the Circuit Court of Montgomery County, Alabama.[1] Plaintiff's Complaint contains counts for specific performance, breach of contract, negligence, and gross negligence, wantonness, and willfulness. Plaintiff seeks an injunction requiring FedEx Ground to hire him as an independent contractor delivery driver, and compensatory and punitive damages, in unspecified amounts.

---

[1] Exhibit "A" attached to this Notice of Removal contains the Summons, Complaint, and Plaintiff's First Consolidated Discovery filed by the Plaintiff in Montgomery County Circuit Court in <u>Charlie Thornton v. Federal Express</u>, Case No. CV-05-1317.

2. FedEx Ground first received notice of this Action on June 14, 2005, when it received by personal service a copy of the Complaint, the initial pleading setting forth the claim for relief upon which the Action is based. True and correct copies of the pleadings and process served upon the Defendant in said Action are attached hereto as Exhibit A and incorporated herein.

3. This court has subject matter jurisdiction under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties to this litigation. See Complaint ¶¶ 1, 13, 20, 27, 34, 38, 39, 42, 44, 45. See also Declaration of Kent Gastineau, attached hereto as Exhibit B, ¶¶ 3, 4.

4. The Complaint alleges that Plaintiff is a citizen of the State of Alabama, residing in Elmore County, Alabama. See Complaint ¶ 1. Plaintiff alleges that he was damaged by the actions of the Defendant. See Complaint ¶¶ 4-45.

5. Defendant FedEx Ground is a corporation organized under the laws of the State of Delaware, and has its principal place of business at 1000 FedEx Drive, Moon Township, Pennsylvania 15108. FedEx Ground Package System, Inc. is a wholly-owned subsidiary of FedEx Corporation, a Delaware corporation with its principal place of business in Tennessee.

6. Count I of the Complaint requests that the court direct specific performance of an alleged oral contract, that the court direct the execution of the alleged contract, and that the court award attorney's fees and costs and other, further, or different relief as may be just and proper. See Complaint ¶ 27. Count II of the Complaint requests general and special damages for breach of an alleged contract. See Complaint ¶ 34. Count III of the Complaint requests punitive, general, and special damages flowing from FedEx Ground's alleged negligence. See Complaint

¶¶ 38, 39. Count IV of the Complaint requests punitive, general, and special damages flowing from FedEx Ground's alleged gross negligence, wantonness, and willfulness. See Complaint ¶¶ 42, 44, 45.

7.  While FedEx Ground denies that Plaintiff is entitled to any relief whatsoever, Plaintiff's claim for specific performance, if successful, would entitle him to compensation from FedEx Ground for work performed. Plaintiff's Complaint does not specify how long he would work for FedEx Ground under the judicially-created contract he seeks the state court to impose upon FedEx Ground. However, FedEx Ground independent contractors in the Montgomery, Alabama area typically receive between $900 and $1100 per week in compensation. See Declaration of Kent Gastineau, attached hereto as Exhibit "B", at ¶ 3. Thus, if Plaintiff were to receive the specific performance that he seeks, and continue work for FedEx Ground for at least a year and half, the Complaint's specific performance count alone is likely worth—to Plaintiff—at least $75,000.

8.  While FedEx Ground denies Plaintiff is entitled to any relief whatsoever, as described in the Declaration of Kent Gastineau at ¶ 4, if successful, the specific performance sought by Plaintiff—a new, judicially-created independent contractor position for Plaintiff—would impose costs upon FedEx Ground that would likely far exceed $75,000.

9.  While FedEx Ground denies Plaintiff is entitled to any relief whatsoever, Plaintiff also seeks general and special damages from FedEx Ground. Plaintiff's complaint does not specify the amount of those damages, although Plaintiff does allege that FedEx never offered to pay for a delivery truck Plaintiff purchased, and alleges that the truck is worth $37,000. See Complaint at ¶¶ 13, 20. Given that Plaintiff's Complaint itself pleads as "in controversy" a $37,000 van and an alleged contract that would be worth approximately $50,000 in compensation

for one year, $100,000 for two years, and $150,000 for three years, the amount in controversy in this case is plainly more than $75,000. *See Cannon v. Jefferson County Comm. for Economic Opportunity, Inc.*, 599 So. 2d 32, 34 (Ala. 1992) (breach of employment contract case noting that "it is well established that damages recoverable for breach of contract are those flowing naturally and proximately from the breach, and that their purpose is to put the injured party in the position the injured party would have been in absent the breach") (citing *Aldridge v. Dolbeer*, 567 So.2d 1267 (Ala. 1990)); *See also Foster v. Mass. Mut. Life Ins. Co.*, 2002 U.S. Dist. LEXIS 27375 (D. Conn. 2002) (where Plaintiff sues for wrongful discharge, and her yearly income and benefits are approximately $71,500, diversity jurisdiction is appropriate because there is a reasonable probability that the amount in controversy will exceed $75,000 at the time of judgment).

10. Plaintiff's Complaint does not specify the amount or nature of damages that he seeks. While FedEx Ground denies Plaintiff is entitled to any relief whatsoever, Plaintiff may seek an award of compensatory damages for mental anguish and emotional distress. Alabama courts have affirmed awards for mental anguish and emotional distress in employment termination cases that far have far exceeded the applicable economic damages, endorsing as much as $75,000 in compensatory damages though the plaintiff only suffered $3,000 in lost wages. *See AutoZone, Inc. v. Leonard*, 812 So. 2d 1179, 1184 (Ala. 2001) (affirming award of $75,000 compensatory damages in wrongful termination case with $3,000 in lost wages). Therefore, Plaintiff, if he is successful at trial, could receive an award for non-economic damages that itself would exceed the amount in controversy necessary for diversity jurisdiction.

11. While FedEx Ground denies Plaintiff is entitled to any relief whatsoever, as noted above, Plaintiff's Complaint also asks for punitive damages. Should an Alabama court calculate punitive damages by applying even a single-digit multiplier (of the sort favored by the United

States Supreme Court in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 425 (2003), and upheld by the Alabama Supreme Court in *Harrelson v. R.J.*, 882 So. 2d 317, 324 (Ala. 2003) (5:1 ratio between compensatory and punitive damages not excessive)), to Plaintiff's claims general and special damages, it is plain that the amount in controversy in this case will far exceed $75,000, especially given the several underlying, discrete amounts in controversy presented by the Complaint that are each likely to exceed $75,000, as explained above.

12. Accordingly, because there is complete diversity of the parties and an amount in controversy that far exceeds $75,000, this Court has subject matter jurisdiction over this Action pursuant to 28 U.S.C. § 1332. Thus, this Action is one that may be removed to this Court by FedEx Ground pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

13. This Notice of Removal is filed with this Court on a timely basis, as required by 28 U.S.C. § 1446(b), within thirty (30) days of the receipt by Defendants of a copy of the initial pleading setting forth the claim for relief upon which the Action is based.

14. Pursuant to 28 U.S.C. § 1446(d), FedEx Ground will promptly serve this Notice of Removal upon Plaintiff, and will file notice of this Notice of Removal with the Circuit Court of Montgomery County, Alabama on a timely basis. A copy of FedEx Ground's Notice of Filing Notice of Removal is attached as Exhibit "C".

WHEREFORE, FedEx Ground respectfully requests that this Action be removed to this Court from the Circuit Court of Montgomery County, Alabama.

Dated: July 14, 2005

                              /s/ Robert K. Spotswood
                              Robert K. Spotswood (SPO 001)

**SPOTSWOOD LLC**
ROBERT K. SPOTSWOOD  (SPO 001)
KENNETH D. SANSOM (SAN 047)
JOHN R. PARKER, JR. (PAR 123)

940 Concord Center
2100 3rd Avenue North
Birmingham, AL 35203
Phone:  205-986-3620
Fax:  205-986-3639

Attorneys for FedEx Ground Package System, Inc.