UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLIE THORNTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:05-cv-00656-DRB |
| ) | |
| FEDEX GROUND PACKAGE SYSTEM, INC. ) | |
| ) | |
| Defendant. ) | |

## ANSWER OF DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC. TO PLAINTIFF'S AMENDED COMPLAINT

Defendant FedEx Ground Package System, Inc. ("FedEx Ground") hereby responds to the Amended Complaint of Plaintiff Charlie Thornton ("Plaintiff"). Unless expressly admitted herein, FedEx Ground denies the material allegations of the Amended Complaint and demands strict proof thereof. FedEx Ground denies that Plaintiff is entitled to the relief sought or any relief whatsoever.

FedEx Ground responds to the corresponding numbered paragraphs of the Amended Complaint, a copy of which is attached as Exhibit "A" to this Answer, as follows:

1.   On information and belief, admitted.

2.   Admitted. Defendant FedEx Ground Package System, Inc. is a corporation organized under the laws of the State of Delaware, and has its principal place of business at 1000 FedEx Drive, Moon Township, Pennsylvania 15108. FedEx Ground Package System, Inc. is a wholly-owned subsidiary of FedEx Corporation, a Delaware corporation with its principal place of business in Tennessee. FedEx Home Delivery Services is a division of FedEx Ground.

FedEx Ground is registered with the State of Alabama Secretary of State and authorized to conduct business in Alabama.

## FACTS

3.     FedEx Ground restates and incorporates all its preceding answers to the Amended Complaint's allegations, as set forth above.

4.     FedEx Ground lacks sufficient information to form a belief as to the truth of the allegations contained in Amended Complaint Paragraph 4 and therefore denies those allegations.

5.     FedEx Ground lacks sufficient information to form a belief as to the truth of the allegations contained in Amended Complaint Paragraph 5 and therefore denies those allegations.

6.     FedEx Ground admits that Stan Trott did provide information to prospective FedEx Ground and FedEx Home Delivery independent contractors about working as an independent contractor for FedEx Ground and/or FedEx Home Delivery. FedEx Ground denies that completion of FedEx Ground training courses by prospective independent contractors has ever entitled prospective independent contractors to be retained as contractors. Prospective independent contractors who successfully complete training and qualification processes only become eligible for a contract with FedEx Ground. Specifically, FedEx Ground denies that any FedEx Ground representative ever promised Plaintiff that he was entitled to a specific contract or a specific route with FedEx Ground.

7.     FedEx Ground admits that Plaintiff applied to become an independent contractor with FedEx Ground. FedEx Ground denies that it "instructed" Plaintiff to so apply, and denies that Plaintiff met each and every qualification for an independent contractor position. FedEx Ground admits that Plaintiff passed his physical examination and drug test. FedEx Ground

admits that Plaintiff attended a training program for eight days in Birmingham, Alabama, and that that program began on or around January 24, 2005.

8. FedEx Ground denies the allegations contained in Amended Complaint Paragraph 8 and demands strict proof thereof.

9. On information and belief, admitted.

10. FedEx Ground denies that Plaintiff ever had a position as "an independent driver." Otherwise, on information and belief, FedEx Ground admits that Plaintiff did receive various items in connection with the training he received from FedEx Ground.

11. FedEx Ground denies that Plaintiff applied for the lease/purchase of a delivery truck upon FedEx Ground's instruction or direction. FedEx Ground admits that Plaintiff was approved for the acquisition of a delivery truck. FedEx Ground denies that any FedEx Ground representative told Plaintiff that he had been approved for any specific route and that the route was available. FedEx Ground denies that Kent Gastineau met with Plaintiff to sign a contract for an Elmore County route on April 19, 2005. Mr. Gastineau did see Plaintiff on or about April 19, 2005, but did not present Plaintiff with a contract for Plaintiff to sign. FedEx Ground denies that any representative of FedEx Ground ever told Plaintiff that a route "belonged" to Plaintiff. FedEx Ground denies that any representative of FedEx Ground ever gave Plaintiff a "route book." Except as expressly admitted, FedEx Ground denies the allegations contained in Amended Complaint Paragraph 11 and demands strict proof thereof.

12. FedEx Ground admits that a delivery truck arrived on or about May 3, 2005. Otherwise, FedEx Ground lacks sufficient information to form a belief as to the truth of the allegations contained in Amended Complaint Paragraph 12 and therefore denies those allegations.

13. FedEx Ground denies that any representative of FedEx Ground ever told Plaintiff that an Elmore County route belonging to him would start on May 10, 2005. In fact, Plaintiff asked to start on May 10, 2005, but did not have a contract with FedEx Ground when he made that request. FedEx Ground denies that Plaintiff had a contract with FedEx Ground. Otherwise, FedEx Ground denies the allegations contained in Amended Complaint Paragraph 13 and demands strict proof thereof.

14. FedEx Ground lacks sufficient information to form a belief as to the truth of the allegations contained in Amended Complaint Paragraph 14 and therefore denies those allegations.

15. FedEx Ground denies that Kent Gastineau or any other FedEx Ground employee ever told Plaintiff that an Elmore county route was certainly available. FedEx Ground admits that Mr. Gastineau told the Plaintiff that he hoped such a route would become available. Otherwise, FedEx Ground denies the allegations contained in Amended Complaint Paragraph 15 and demands strict proof thereof.

16. FedEx Ground denies the allegations contained in Amended Complaint Paragraph 16 and demands strict proof thereof.

17. On information and belief, admitted.

18. FedEx Ground denies the allegations contained in Amended Complaint Paragraph 18, and demands strict proof thereof.

19. On information and belief, FedEx Ground denies the allegations contained in Amended Complaint Paragraph 19 and demands strict proof thereof.

## PLAINTIFF'S COUNT I

20. FedEx Ground restates and incorporates all its preceding answers to the Amended Complaint's allegations, as set forth above.

21. FedEx Ground denies the allegations contained in Amended Complaint Paragraph 21 and demands strict proof thereof.

22. FedEx Ground denies the allegations contained in Amended Complaint Paragraph 22 and demands strict proof thereof.

23. FedEx Ground denies the allegations contained in Amended Complaint Paragraph 23 and demands strict proof thereof.

24. FedEx Ground denies the allegations contained in Amended Complaint Paragraph 24 and demands strict proof thereof.

25. FedEx Ground denies the allegations contained in Amended Complaint Paragraph 25 and demands strict proof thereof.

26. FedEx Ground denies that Plaintiff is entitled to any relief in this action. FedEx Ground denies each and every allegation of the Amended Complaint not previously admitted and demands strict proof thereof.

## PLAINTIFF'S COUNT II

27. FedEx Ground restates and incorporates all its preceding answers to the Amended Complaint's allegations, as set forth above.

28. FedEx Ground denies the allegations contained in Amended Complaint Paragraph 28 and demands strict proof thereof.

29. FedEx Ground denies the allegations contained in Amended Complaint Paragraph 29 and demands strict proof thereof.

30. FedEx Ground denies the allegations contained in Amended Complaint Paragraph 30 and demands strict proof thereof.

31. FedEx Ground denies the allegations contained in Amended Complaint Paragraph 31 and demands strict proof thereof.

32. FedEx Ground denies the allegations contained in Amended Complaint Paragraph 32 and demands strict proof thereof.

33. FedEx Ground denies the allegations contained in Amended Complaint Paragraph 33 and demands strict proof thereof.

## PLAINTIFF'S COUNT III

34. FedEx Ground restates and incorporates all its preceding answers to the Amended Complaint's allegations, as set forth above.

35. FedEx Ground denies the allegations contained in Amended Complaint Paragraph 35 and demands strict proof thereof.

36. FedEx Ground denies the allegations contained in Amended Complaint Paragraph 36 and demands strict proof thereof.

37. FedEx Ground denies the allegations contained in Amended Complaint Paragraph 37 and demands strict proof thereof.

38. FedEx Ground denies the allegations contained in Amended Complaint Paragraph 38 and demands strict proof thereof.

## PLAINTIFF'S COUNT IV

39. FedEx Ground restates and incorporates all its preceding answers to the Amended Complaint's allegations, as set forth above.

40. Amended Complaint Paragraph 40 states legal conclusions to which no response is required. To the extent a response is required, FedEx Ground denies the allegations contained in Amended Complaint Paragraph 40 and demands strict proof thereof.

41. Amended Complaint Paragraph 41 states legal conclusions to which no response is required. To the extent a response is required, FedEx Ground denies the allegations contained in Amended Complaint Paragraph 41 and demands strict proof thereof.

42. Amended Complaint Paragraph 42 states legal conclusions to which no response is required. To the extent a response is required, FedEx Ground denies the allegations contained in Amended Complaint Paragraph 42 and demands strict proof thereof.

43. Amended Complaint Paragraph 43 states legal conclusions to which no response is required. To the extent a response is required, FedEx Ground denies the allegations contained in Amended Complaint Paragraph 43 and demands strict proof thereof.

44. Amended Complaint Paragraph 44 states legal conclusions to which no response is required. To the extent a response is required, FedEx Ground denies the allegations contained in Amended Complaint Paragraph 44 and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

FedEx Ground asserts the following affirmative defenses to the allegations contained in the Amended Complaint:

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint, and each and every count thereof, separately and severally, fails to state a claim against FedEx Ground upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

FedEx Ground avers that it is not guilty of, or liable for, any claims made under the law of the United States or the law of Alabama or any other State.

## THIRD AFFIRMATIVE DEFENSE

The claims of the Amended Complaint are not set forth with the particularity required under Rule 9 of the Federal Rules of Civil Procedure, and do not give sufficient notice of the nature of the claims.

## FOURTH AFFIRMATIVE DEFENSE

Any representations that FedEx Ground may have made did not play a substantial part in inducing Plaintiff to act as he did.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from obtaining the relief he seeks because any losses suffered by Plaintiff are the result of his own conduct or the conduct of a person or entity other than FedEx Ground.

## SIXTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred, in whole or in part, by his own negligence or negligence of third parties, his failure to perform due diligence or the failure of third parties to perform due diligence, or other or intervening or supervening causes over which FedEx Ground had no control and which cannot be the basis for any liability of FedEx Ground.

## SEVENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred, in whole or in part, by assumption of the risk.

## EIGHTH AFFIRMATIVE DEFENSE

FedEx Ground did not accidentally, negligently, recklessly, or intentionally mislead, or make any misrepresentations, or fail to make any disclosure it was obligated to make.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff did not reasonably rely on any representations to made to him by FedEx Ground.

## TENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred by the doctrine of accord and satisfaction.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred by the doctrine of failure of consideration.

## TWELFTH AFFIRMATIVE DEFENSE

All of FedEx Ground's actions were lawful and justified.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred by the doctrine of merger.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred by the parol evidence rule.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred, in whole or in part, by the failure to avoid, minimize, or mitigate damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff for damages are barred, in whole or in part, because Plaintiff suffered no injury, because the Plaintiff's alleged damages, if any, are speculative, and because of the impossibility of the ascertainment of the alleged damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent the Amended Complaint seeks equitable relief, such relief is barred by acts of the Plaintiff, FedEx Ground' prejudicial change in position, the existence of an adequate remedy at law, by inequitable conduct by Plaintiff, by Plaintiff's lack of irreparable harm, and by governing standards of equity and good conscience.

### EIGHTEENTH AFFIRMATIVE DEFENSE

FedEx Ground denies that FedEx Ground, or any agent or employee of FedEx Ground, breached any duty or obligations allegedly owed to Plaintiff.

### NINETEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred, in whole or in part, by the doctrine of waiver.

### TWENTIETH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred, in whole or in part, by the doctrine of estoppel.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred, in whole or in part, by the doctrine of ratification.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred, in whole or in part, by the doctrine of impossibility.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred, in whole or in part, by the doctrine of unclean hands.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred, in whole or in part, by the failure to do equity.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred by the doctrine of release.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from obtaining the relief he seeks because the FedEx Ground's actions were neither the cause in fact nor the proximate cause of Plaintiff's injury, if any.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred by the doctrine of privilege.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

FedEx Ground acted in good faith and in reliance on information furnished by others at all times relevant to this action.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

FedEx Ground denies that it has been guilty of any conduct that would support an award of punitive damages.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to an award of punitive damages.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

FedEx Ground asserts all of its procedural defenses to punitive damages.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to allege a claim for which punitive damages can be recovered.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

The facts and circumstances of this case do not warrant an award of punitive damages, and the issue of punitive damages should not be submitted to the jury.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

The standard or pattern jury instructions on punitive damages are insufficient to protect the legal rights of FedEx Ground.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

FedEx Ground asserts all of its statutory defenses to punitive damages.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Any award of punitive damages that fails to conform to the defenses, criteria, limitations and standards set forth in Ala. Code §§ 6-11-20 through 6-11-25, and 6-11-27 is impermissible.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Any award of punitive damages in excess of the limitations and criteria set forth in Ala. Code § 6-11-21 is impermissible.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

FedEx Ground cannot be held liable for punitive damages for intentional wrongful conduct or conduct involving malice based upon acts or omissions of any agent, employee or servant pursuant to Ala. Code § 6-11-27.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

FedEx Ground asserts all of its constitutional defenses to punitive damages under the United States Constitution and/or any state constitutions, including the Alabama Constitution.

### FORTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages cannot be sustained because an award of punitive damages under Alabama Law would violate the due process rights guaranteed to FedEx Ground by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

### FORTY-FIRST AFFIRMATIVE DEFENSE

There are inadequate safeguards with respect to the imposition of punitive damages against FedEx Ground under Alabama law as presently applied to meet the requirements of due process of law under the Fourteenth Amendment to the Constitution of the United States.

### FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages cannot be sustained, because an award of punitive damages under Alabama law by a jury that (1) is not provided a standard sufficient for determining the appropriateness or the appropriate amount of punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary as to damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate FedEx Ground's substantive and procedural due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection and the guarantee against double jeopardy.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Any award of punitive damages based on anything other than FedEx Ground's conduct in connection with the matters that are the subject of this lawsuit would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Double Jeopardy

Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and the Alabama constitutional provisions providing for due process and the guarantee against double jeopardy.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

The imposition of punitive damages against FedEx Ground would improperly penalize FedEx Ground without the same safeguards afforded to criminal defendants by the constitutions of the United States and the State of Alabama, including, but not limited to, the requirement that every element be proven beyond a reasonable doubt.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

Any award of punitive damages in this case would violate FedEx Ground's rights under the substantive and procedural Due Process Clause of the United States Constitution and corresponding provisions of the Constitution of the State of Alabama, the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, the contract clause of Article Two of the United States Constitution, and the Equal Protection Clause of the United States Constitution and corresponding provisions of the Constitution of the State of Alabama.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

The Alabama punitive damages system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The system is wholly arbitrary, fundamentally unfair and utterly irrational in violation of due process. The system affords juries discretion to impose unlimited punishment without adequate standards. Furthermore, Alabama post-verdict review is not meaningful, consistent, nor constitutionally adequate.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment because there are absolutely no meaningful standards or limits for determining the amount of the award, contravening the deeply rooted American tradition that punishment may not be imposed in the absence of a pre-existing, express range of penalties established by the legislature.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

The imposition of a punitive damage award in this case in the absence of explicit, particularized guidelines or standards is highly unfair and constitutionally infirm because an award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary and irrational. A punitive damage award in the absence of such guidelines or standards will bear no rational or reasonable relationship to FedEx Ground's alleged conduct in this matter or to any alleged harm to the Plaintiff and will dwarf legislatively established fines for comparable conduct. A punitive damage award in the absence of such guidelines or standards therefore will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the excessive fines clause of the Alabama Constitution.

## FORTY-NINTH AFFIRMATIVE DEFENSE

The imposition of punitive damages against FedEx Ground would constitute an arbitrary and capricious taking of property without due process of law in violation of the constitutions of both the United States and the State of Alabama.

## FIFTIETH AFFIRMATIVE DEFENSE

The imposition of punitive damages against FedEx Ground would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Commerce Clause, the Equal Protection Clause, and the Privileges and Immunities Clause because the award would be based upon an Alabama state enforced policy that unconstitutionally discriminates against FedEx Ground based upon its status as a large corporate entity.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages against FedEx Ground cannot be sustained, because an award of damages that exceeds the limits authorized by the Alabama Criminal Code would constitute an excessive fine and cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution, the Eighth Amendment as incorporated into the Fourteenth Amendment, and the Alabama constitutional provisions providing for due process and protection against excessive fines and cruel and unusual punishment.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

The imposition of punitive damages against FedEx Ground in this case would violate the Commerce Clause of the Constitution of the United States by placing an undue burden on interstate commerce.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

FedEx Ground adopts by reference the defenses, criteria, limitations, and standards governing awards of punitive damages set forth by the Supreme Court of the United States in *Gore v. BMW of North America, Inc.,* 517 U.S. 559 (1996); *Cooper Industries, Inc. v.*

*Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

The imposition of punitive damages against FedEx Ground based upon theories of respondent superior, agency, vicarious liability or joint and several liability violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

### ADDITIONAL AFFIRMATIVE DEFENSES

FedEx Ground reserves the right to assert other defenses as discovery proceeds.

Dated: July 29, 2005

/s_____
Robert K. Spotswood (SPO 001)

**SPOTSWOOD LLC**
ROBERT K. SPOTSWOOD (SPO 001)
KENNETH D. SANSOM (SAN 047)
JOHN R. PARKER, JR. (PAR 123)

940 Concord Center
2100 3rd Avenue North
Birmingham, AL 35203
Phone: 205-986-3620
Fax: 205-986-3639

Attorneys for FedEx Ground Package System, Inc.

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLIE THORNTON,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL EXPRESS,<br><br>　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2005, I electronically served via the CM/ECF system of the U.S. Court for the United States Court for the Middle District of Alabama the following counsel of record for the Plaintiff:

　　K. Anderson Nelms
　　P.O. Box 5059
　　Montgomery, AL 36103

DATED: July 29, 2005

　　　　　　　　　　　　　　　　　　　/s_____
　　　　　　　　　　　　　　　　　　　John R. Parker, Jr. (PAR 123)

　　　　　　　　　　　　　　　　　　　SPOTSWOOD LLC.
　　　　　　　　　　　　　　　　　　　940 Concord Center
　　　　　　　　　　　　　　　　　　　2100 Third Avenue North
　　　　　　　　　　　　　　　　　　　Birmingham, AL  35203
　　　　　　　　　　　　　　　　　　　Tel.: (205) 986-3620
　　　　　　　　　　　　　　　　　　　Fax: (205) 986-3639
　　　　　　　　　　　　　　　　　　　E-Mail: jrparker@spotswoodllc.com

　　　　　　　　　　　　　　　　　　　Attorney for FedEx Ground