IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLIE THORNTON, | ) |
| | ) |
|    PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NO. 2:05-cv-656-MEF |
| | ) |
| FEDERAL EXPRESS, *et al.*, | ) |
| | ) |
|    DEFENDANTS. | ) |

## **ORDER**

This cause is before the Court on the Motion for Leave to Amend Answer of Defendant Fedex Ground Package System, Inc. to Plaintiff's Amended Complaint (Doc. # 17) filed on January 13, 2006. By this motion, Defendant moves for leave to file an amended answer asserting an additional affirmative defense that it claims to have discovered when it received certain initial disclosures from Plaintiff in November.[1] Defendant acknowledges that the deadline for amending pleadings set by the Uniform Scheduling Order has passed, but contends that the amendment should be allowed pursuant to Federal Rule of Civil Procedure 15(a).

Pursuant to Federal Rule of Civil Procedure 16, this Court entered an Uniform Scheduling Order (Doc. # 15) on August 19, 2005. Defendant made no objection to any of

---

[1] According to the Report of Parties' Planning Meeting (Doc. # 14), the parties were to have exchanged initial disclosures long before November of 2005, but Defendant provides the Court with no explanation of why it did not obtain the materials prior to November of 2005.

the deadlines set forth in this Uniform Scheduling Order. The Uniform Scheduling Order makes it abundantly plain that the deadline for amending pleadings in this action was November 1, 2005. Thus, Defendant's motion for leave to amend its answer is untimely and fails to comport to the deadline set by this Court's Uniform Scheduling Order.

Federal Rule of Civil Procedure 16(b) provides that a schedule, such as the one this Court set by entering the Uniform Scheduling Order in this case, "shall not be modified except upon a showing of *good cause*" and by leave of court. Fed. R. Civ. P. 16(b) (emphasis added). This means that in making a motion for leave to amend a pleading after the deadline set by this Court's scheduling order, Defendant must show good cause exists for its untimely attempt to amend its Answer. *See Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1419 (11th Cir. 1998) (applying the Rule 16 good cause standard rather than the more liberal standard of Rule 15 to attempt to amend pleading after deadline set by Court's scheduling order is appropriate). Because Defendant's argument is based on the standard for amendments set by Rule 15, not the proper standard for this case, which is the good cause standard set by Rule 16, Defendant has provided this Court with a meager basis for its contention that justice requires it be granted leave to amend the Answer. Indeed, Defendant has failed to explain why it was not able, through the exercise of due diligence, either to ascertain the availability of the new defenses until after the Plaintiff's disclosure or to take steps to obtain Plaintiff's initial disclosures in advance of the deadline for amending pleadings. Moreover, Defendant makes no attempt to explain why it waited an additional

two months after receiving the initial disclosures to seek leave to file the amendment to the answer.  In this Court's view, Defendant has not shown that good cause exists which justifies its filing an amendment to the Answer after the deadline for amending pleadings.  Defendant Fedex Ground Package System, Inc. is not entitled to amend its answer.  Consequently, the Motion for Leave to Amend Answer of Defendant Fedex Ground Package System, Inc. to Plaintiff's Amended Complaint (Doc. #  17) is DENIED.  It is further ORDERED that the First Amended Answer of Defendant Fedex Ground Package System, Inc. to Plaintiff's Amended Complaint (Doc. # 18), which was filed without leave of Court, is STRICKEN.

DONE this the 19th day of January, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE