**UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| CHARLIE THORNTON, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 2:05-cv-00656-MEF-DRB |
| | ) | |
| FEDEX GROUND PACKAGE SYSTEM, INC. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**NOTICE OF CORRECTION TO MOTION FOR LEAVE TO AMEND ANSWER,**
**MOTION FOR RELIEF FROM SCHEDULING ORDER, AND MOTION FOR**
**RECONSIDERATION OF ORDER DENYING MOTION FOR LEAVE TO AMEND**

For the reasons set forth below, and to correct regrettable deficiencies in its prior Motion for Leave to Amend, Defendant FedEx Ground Package System, Inc. ("FedEx") hereby notifies the Court of certain corrections to its January 13, 2006, Motion for Leave to Amend its Answer, moves this Court for relief from its November 1, 2005, deadline for amending pleadings in this case, and moves this Court to reconsider its order denying FedEx's Motion for Leave to Amend its Answer to the Plaintiffs' Complaint to include a single additional affirmative defense under Alabama's statute of frauds, Ala. Code § 8-9-2, and allow FedEx to file its Amended Answer, attached as Exhibit "A" to its FedEx's January 13, 2006 Motion.

I.      **NOTICE OF CORRECTION TO MOTION FOR LEAVE TO AMEND ANSWER**

In FedEx's Motion for Leave to Amend, the undersigned counsel for FedEx, based upon his honest recollection of how this case has proceeded, stated that tape recordings implicating the statute of frauds were not received until November 2005.  A more detailed review of counsel's

own electronic mail records reveals that this statement is, regretfully, inaccurate. As explained more fully in the procedural background that follows, initial disclosures were exchanged on September 20, 2005, and the tapes, identified in Mr. Thornton's initial disclosures as taped phone conversations, were produced on September 30 and transcribed by approximately October 12, 2005. Undersigned counsel for FedEx did not glean the information implicating the statute of frauds until well after November 1, and it was this timeframe that prompted counsel's recollection and regrettable misstatement in the original motion for leave to amend. The undersigned counsel and his firm regret the error, seek to correct the error through this filing, and assure the Court that it was inadvertent.

## II. PROCEDURAL BACKGROUND

This case was timely removed to the Middle District of Alabama from Montgomery County Circuit Court on July 14, 2005. FedEx also filed its first Answer to Plaintiff Charlie Thornton's Complaint on July 14, 2005. Mr. Thornton filed an Amended Complaint on July 20, 2005, which correctly identified the corporate defendant. FedEx filed its Answer to Mr. Thornton's Amended Complaint on July 29, 2005.

The parties to this action filed a Report of their Joint Planning Meeting on August 17, 2005. In this Report, both parties asked to be able to join additional parties and amend the pleadings until March 15, 2006, the same deadline that the parties requested for dispositive motions.[1] FedEx believed this proposed date permitted sufficient time to amend the pleadings to reflect changes if a factual or legal basis for doing so came to light as a result of discovery.

---

[1] The Report contains a typographical error. It erroneously indicates that the parties requested March 15, 2005—a date more than two months prior to the filing of Mr. Thornton's lawsuit—as the deadline to join additional parties and amend the pleadings.

On August 19, 2005, the Court issued a Scheduling Order that set this case for trial during the term beginning August 18, 2006. The Scheduling Order also set the close of discovery on July 3, 2006, the deadline for dispositive motions on April 18, 2006, and the deadline for filing motions to amend the pleadings and add parties on November 1, 2005.

On August 28, 2005, counsel for Mr. Thornton noticed the depositions of a Federal Rule of Civil Procedure 30(b)(6) representative for FedEx and Kent Gastineau, a manager for FedEx in Montgomery (these notices are attached as Exhibit "A"). Counsel for FedEx opposed conducting depositions prior to the exchange of initial disclosures, and counsel for both parties exchanged letters discussing the propriety of such depositions (this exchange of letters is attached as Exhibit "B"). Ultimately, by mutual consent, the parties exchanged initial disclosures on September 20, 2005, and no depositions took place prior to that exchange (see attached letter, Exhibit "C"; Mr. Thornton's initial disclosures are attached as Exhibit "D" and FedEx's initial disclosures are attached as Exhibit "E").

Mr. Thornton's initial disclosures identified, but did not produce, audiotape recordings of telephone conversations that took place between Mr. Thornton and several individuals at FedEx. Because Mr. Thornton had secretly recorded these telephone conversations, FedEx was completely unaware of the existence of the tapes until they were mentioned in Mr. Thornton's initial disclosures. Counsel for FedEx immediately sought copies of these recordings, as well as the documents identified in Mr. Thornton's initial disclosures (see email exchange attached as Exhibit "F").

Counsel for FedEx received copies of the audiotape recordings on September 30, 2005 (see email attached as Exhibit "G") and ordered transcripts made of the tapes, which it received on or around October 12, 2005. Through the remainder of the month of October and continuing

through the month of December, counsel for FedEx reviewed the transcripts of these recorded phone conversations, conducted an extensive internal corporate investigation related to them, and advised its client regarding legal and factual issues presented by the tapes. In addition, because FedEx Ground is a Pennsylvania-based corporation, counsel for FedEx also explored potential liability for recording these conversations under the Pennsylvania Wiretapping and Electronic Surveillance Act, 18 Pa. Cons. Stat. § 5701, which, unlike the applicable federal and Alabama law, does not permit such recordings without the consent of all parties to the conversation.

While counsel was starting its investigation and legal research regarding the taped statements, the possibility also remained that depositions would proceed later that month (see letter dated September 14, 2005, indicating the possibility of depositions of FedEx personnel in the later weeks of October, attached as Exhibit "H") and FedEx was preparing as necessary for those potential depositions. Ultimately, no depositions proceeded. From October through December, however, counsel for FedEx assessed a wide variety of factual and legal issues raised by the tapes.

In the months of November and December, counsel for the parties discussed again the possibility of taking depositions but decided against scheduling depositions at that time (see attached letter, Exhibit "I"). Counsel for FedEx desired to continue to review the factual and legal issues presented by the tapes, and, at the same time, allow a reasonable period for both FedEx and Mr. Thornton to consider the possibility of an early settlement of this case. To that end, counsel for FedEx chose to prepare simultaneously for dispositive motion practice (which has a deadline of April 18, 2006, under the Court's Scheduling Order) and for discovery (which has a cut-off date of July 3, 2006, under the Court's Scheduling Order).

In December, in the course of that preparation, counsel for FedEx focused on the fact that Mr. Thornton briefly alleged in the course of his tape recordings that he sought a two-year contract with FedEx.[2]  Counsel for FedEx then recognized that this allegation could implicate Alabama's statute of frauds, Ala. Code § 8-9-2(1), that the statute of frauds had not been pleaded as an affirmative defense, and that it would be necessary to amend FedEx's Answer to raise the defense.

However, after meeting with FedEx at its headquarters in Pittsburgh, Pennsylvania on December 21, 2005, counsel for FedEx sought to negotiate the resolution of this case informally, and solicited additional information regarding Mr. Thornton's damages.  Counsel for FedEx did not receive the information it sought informally for the purposes of assessing settlement, so on January 13, 2006, FedEx subsequently served timely, formal discovery requests to Mr. Thornton as well as its Motion for Leave to Amend (see FedEx's letter to counsel for Plaintiff, including enclosed formal discovery requests and Motion For Leave to Amend, attached as Exhibit "K").

### III.    ARGUMENT

This Court's recent order denying FedEx's Motion for Leave to Amend its Answer was appropriately premised upon FedEx's failure to address the standard for permitting an amendment to a pleading after the deadline established by the Court's Rule 16(b) scheduling order has passed.  The case law from the Eleventh Circuit and this Court establishes that a court considering a request for an untimely amendment must decide whether modification of its scheduling order is appropriate, pursuant to Federal Rule of Civil Procedure 16(b), *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998), and consider whether the proposed amendment is proper under Federal Rule of Civil Procedure 15.  *Id.*  FedEx respectfully submits

---

[2] The relevant pages of the transcripts are attached hereto as Exhibit "J".

that the standards of both Rule 16 and Rule 15 are met in this case and, therefore, asks the Court to grant this motion for relief from the Court's Scheduling Order and to reconsider its order denying FedEx leave to amend its Answer. An alternative ruling would preclude complete consideration of the merits of the case even though there is ample time remaining in the schedule to do so.

Under Rule 16, modification of a court's schedule is appropriate "upon a showing of good cause." Fed. R. Civ. P. 16(b). In determining whether good cause has been shown, the focus is on whether the moving party has acted diligently. *See Sosa*, 133 F.3d at 1418; *Nobles v. Rural Cmty. Ins. Servs.*, 303 F. Supp. 2d 1279, 1284 (M.D. Ala. 2004) ("The court's focus in evaluating a motion to amend under Rule 16 is on [the moving party's] diligence . . . ."). To decide whether the moving party has acted diligently and, therefore, shown good cause, courts consider the totality of the circumstances. *See, e.g., Nobles*, 303 F. Supp. 2d at 1284 ("Given the totality of the circumstances surrounding this lawsuit, the court finds that [the moving parties] have shown good cause . . . .").

This Court's opinion in *Maendele v. Rhett Butler Trucking, Inc.*, 2005 U.S. Dist. LEXIS 15743, at *7–8 (M.D. Ala.) (Fuller, J.), which considered the question of diligence and good cause in the Rule 16 context, establishes a number of factors for consideration in the inquiry. These factors include: (1) when the party learned of the relevant information, *id.* at *7–8; (2) when the party confirmed the information, *see id.* at *9; (3) how quickly the party moved for modification of the scheduling order after confirming the information, *see id.* at *9–11; (4) when the amendment was sought relative to the stage of the proceedings, *see id.* at *12; (5) whether allowing the amendment would prejudice the non-moving party, *see id.*; and (6) whether

allowing the amendment would require reopening discovery, a continuance of the case, or other delay, *see id*.

In addition to these factors, courts have also considered how long after the deadline the amendment is sought and the party's efforts in litigating the case. *See, e.g., Saewitz v. Lexington Ins. Co.*, 133 Fed. Appx. 695, 700 (11th Cir. 2005) (unpublished) (noting that leave to amend was sought more than six months after the deadline); *Stephens v. Ga. Dep't of Transp.*, 134 Fed. Appx. 320, 322 (11th Cir. 2005) (unpublished) (same); *Wolf Designs, Inc. v. DHR & Co. Collectives, Inc.*, 231 F.R.D. 430, 436 (N.D. Ga. 2005) (noting that the moving party "greatly missed the deadline" when it moved to amend seven months late); *Sosa*, 133 F.3d at 1419 (noting the moving party's long delay in beginning any discovery in the case); *Nobles*, 303 F. Supp. 2d at 1284 (finding good cause based, in part, on the moving party's efforts and persistence in litigating the case).

Under these factors, FedEx has acted diligently and has shown good cause for obtaining relief from the scheduling order to permit an amendment to its answer. This case is different from *Maendele*—where this Court determined that good cause was not shown—in every important respect.

In *Maendele*, the parties were not even on the original schedule for the case when the Plaintiffs sought to amend their Complaint. The parties had already sought and received a continuance of their original trial date, and other dates, including the deadline for amendments, had been reset once accordingly. *Maendele*, 2005 U.S. Dist. LEXIS 15743, at *4. The new Rule 16 scheduling order the parties received set the case for trial in August 2005 and a deadline of October 26, 2004 for amending pleadings—deadlines nearly identical to, but offset by one year from, the current scheduling order in this case. *Id.* at *4. On September 7, 2004, the plaintiffs in

*Maendele* filed a motion to compel that referenced the possibility that the defendants had violated certain federal regulations, based upon written discovery received from the defendants. *Id.* at *7. This motion—which was filed a month and a half before the amendment deadline set by second scheduling order, after nine months of discovery, and when the case had already been pending for fourteen months—contained unambiguous assertions by the plaintiffs that they believed the defendant had exceeded federal driving-hour limits before the collision that was at issue in the case.

This suspicion of the plaintiffs was apparently confirmed in a deposition that took place on February 17, 2005. *Id.* at *8–9. On May 16, 2005—three months after confirming that the defendant had exceeded federal driving-hour limits—the plaintiffs filed a motion to amend their complaint to add claims based upon violations of federal driving-hour standards that they had originally identified eight months earlier in their motion to compel. *Id.* at *9. By the time of the May 17 filing, the case had been pending for twenty-two months and discovery had been pending for seventeen months. This Court, considering the totality of the circumstances that had occurred before the filing of the motion to amend, denied the motion. This Court also held that the proximity of the close of discovery and trial—already on an extended schedule—made modification of the scheduling order inappropriate. It noted that:

> allowing Plaintiffs to amend the Complaint to add new claims after the deadline for dispositive motions and expert disclosures, on the eve of the close of discovery, and only three months before trial would be prejudicial to Defendants, and it would create scheduling problems for the Court which would necessitate a further continuance of a matter which has already been delayed upon the motion of the parties for long enough.

*Id.* at *12.

Here, FedEx is in an entirely different circumstance. No party to this case has sought any continuance of the trial of this matter. FedEx still has not received any discovery in the form of

sworn testimony or verified interrogatory responses that allude to the possibility of a statute-of-frauds defense. Rather, FedEx received audiotapes, identified in the Plaintiff's initial disclosures as taped conversations that Mr. Thornton had with various FedEx personnel. As explained above, counsel for FedEx recognized in December 2005 that Mr. Thornton's statements on the tapes that he sought a two-year contract with FedEx implicated an important statute of frauds defense that had not yet been pleaded.[3] These allegations come in the form of two passing references to a two-year contract in the context of Mr. Thornton's recorded recollections of events that happened sometime prior to the date of each recording. In sharp contrast to the plaintiffs in *Maendele*, counsel for FedEx was not plainly aware of the factual basis for a proposed amended pleading **eight months** before it eventually filed a motion to amend. Rather, counsel for FedEx realized the possible implications of the tapes in December and filed its motion to amend in January, after the unsuccessful settlement discussions, at the same time it served discovery on the Plaintiff (see Exhibit "K").

As noted, no deposition or written interrogatory responses from the Plaintiff have confirmed the tape recorded recollections of Mr. Thornton. FedEx, however, has not waited to confirm the information before acting. Instead, acting upon the information that it currently possesses, FedEx now seeks modification of the scheduling order and leave to amend—nearly eight months from trial, nearly seven months from the close of discovery, and three months from the deadline for filing dispositive motions.

By moving to amend even before confirming the information that is the basis for the proposed amendment, FedEx has acted with much greater diligence than the plaintiffs in *Maendele*. Indeed, FedEx has acted more diligently than the moving parties in *Nobles v. Rural*

---

[3] Mr. Thornton does not allege a two-year contract in his Complaint.

*Community Services*, 303 F. Supp. 2d 1279 (M.D. Ala. 2004), a case in which amendment was permitted.  In *Nobles*, the parties confirmed the information that was the basis for their proposed amendment in September 2002, but did not file their motion to amend until December 10, 2002—over two months later.  *Id*. at 1282, 1284.  Judge Thompson nevertheless found that the parties had shown good cause for allowance of their untimely amendment because they had "diligently pursued the discovery efforts that led to their attempted amendment." *Id.* at 1285.

The delay that did occur between when FedEx first received the tapes and when it first moved for leave to amend was not the result of a lack of diligence by FedEx.  Counsel for FedEx did not focus on the potential defenses to Mr. Thornton's tape-recorded allegation that he was seeking a two-year contract earlier because, after receiving the tapes, counsel was focused on researching, analyzing, and investigating the alleged statements of the people Mr. Thornton chose to record.  Counsel also carefully reviewed the legal implications of the very fact that these conversations were recorded without the knowledge and consent of persons other than Mr. Thornton.  Once counsel for FedEx did recognize the statute of frauds defense, it attempted to engage in informal discovery and resolve this case before serving formal discovery and filing its motion to amend.

Finally, given the particular circumstances of this case, there can be no dispute that if FedEx is permitted to amend its answer now, there will be no unfair prejudice to any party, nor will any delay or continuance be required.  *Cf. Maendele*, 2005 U.S. Dist. LEXIS 15743, at *12 (noting that the amendment would both prejudice the non-moving party and require a continuance of the case).  As noted previously, trial is set for August of this year, nearly eight months away.  Discovery does not close until July, nearly seven months away.  Dispositive motions may be filed until April, nearly three months away.  FedEx now seeks to add a single

affirmative defense. Allowance of this amendment will not unfairly prejudice Mr. Thornton in any way; instead, it will ensure that FedEx's legal rights under Alabama law will be fairly and efficiently litigated and adjudicated on their merits.[4] Thus, this Court should find that there is good cause to amend its scheduling order.

FedEx's Motion to Amend is also proper under Rule 15. Under Rule 15(a), leave to amend to plead an affirmative defense should be granted "freely . . . when justice so requires." Moreover, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quotation omitted). "[The Eleventh] Circuit has accepted a policy of liberal amendment." *United States v. Aetna Ins. Co.*, 831 F.2d 978, 983 (11th Cir. 1987).

Here, FedEx's proposed First Amended Answer is identical in all respects to FedEx's original Answer, except for the addition of the statute of frauds as an affirmative defense. As established above, FedEx has not unduly delayed in moving for leave to amend. FedEx has diligently prosecuted this case and moved for leave to amend shortly after recognizing that Alabama's statute of frauds, Ala. Code § 8-9-2(1), may be implicated.

---

[4] To this point, the other decisions of this Court that have interpreted Rule 16 and "good cause" have done so in a manner that furthered fair and efficient adjudication, in accordance with Federal Rule of Civil Procedure 1. Thus, for example, this Court's denial of the plaintiffs' motion to amend their complaint in *Maendele* prevented both prejudice to the defendant and further delay in an already-delayed case. 2005 U.S. Dist. LEXIS 15743, at *12. FedEx respectfully submits that, in contrast to those other cases, the denial of its motion to modify the scheduling order and amend its answer will hinder the fair adjudication of this matter.

Furthermore, none of the other reasons for denying leave to amend apply. FedEx seeks leave to amend in good faith, on the basis of facts uncovered during the course of discovery after its Answer was filed. FedEx has not previously amended its Answer and the amendment would not unduly prejudice Mr. Thornton, given that the close of discovery is seven months away and trial is nearly eight months away. Finally, FedEx's proposed amendment would not be futile. If, as the tapes suggest, Mr. Thornton alleges that he entered into a two-year oral contract with FedEx, enforcement of that contract would be barred by the statute of frauds. Ala. Code § 8-9-2(1) (barring enforcement of any oral contract that, "by its terms, is not to be performed within one year from the making thereof"); *see Ala. Agric. & Mech. Univ. v. Jones*, 895 So. 2d 867, 871 (Ala. 2004) (holding that Ala. Code § 8-9-2(1) voided an alleged oral contract that contemplated a two-year duration); *Ex parte Ramsay*, 829 So. 2d 146, 155 (Ala. 2002) (holding that Ala. Code § 8-9-2(1) voided an alleged oral contract that required "two or three years of performance"). Thus, under Rule 15, this Court should give FedEx leave to amend its Answer.

## IV.    CONCLUSION

Accordingly, FedEx respectfully requests the Court to amend its Scheduling Order, reconsider its order denying FedEx's Motion for Leave to Amend, and allow FedEx to file its Amended Answer, attached as Exhibit "A" to FedEx's January 13, 2006 Motion. Counsel for FedEx also requests the opportunity to present oral argument in support of this motion.


DATED: January 24, 2006


/s John R. Parker, Jr.
John R. Parker, Jr. (PAR 123)
**SPOTSWOOD LLC**
ROBERT K. SPOTSWOOD  (SPO 001)
KENNETH D. SANSOM (SAN 047)

Case 2:05-cv-00656-MEF-DRB    Document 23    Filed 01/24/2006    Page 13 of 15

JOHN R. PARKER, JR. (PAR 123)
EMILY J. TIDMORE (VAN 041)

940 Concord Center
2100 Third Avenue North
Birmingham, AL 35203
Phone:  205-986-3620
Fax:  205-986-3639
E-mail: jrparker@spotswoodllc.com

Attorneys for FedEx Ground Package System, Inc.

13

## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

_____
                                      )
CHARLIE THORNTON,                     )
                                      )
                                      )
              Plaintiff,              )
                                      )
       v.                             )          Civil Action No.
                                      )       2:05-cv-00656-MEF-DRB
FEDEX GROUND PACKAGE SYSTEM, INC.     )
                                      )
                                      )
              Defendant.              )
_____)


### CERTIFICATE OF SERVICE


        I hereby certify that on January 24, 2006, I electronically filed the foregoing NOTICE OF

CORRECTION TO MOTION FOR LEAVE TO AMEND ANSWER, MOTION FOR RELIEF

FROM SCHEDULING ORDER, AND MOTION TO RECONSIDER ORDER DENYING

LEAVE TO AMEND with the Clerk of Court using the CM/ECF system, which will send

notification of such filing to the following counsel of record for the Plaintiff:

        K. Anderson Nelms, Esq.
        Jay Lewis, Esq.
        The Law Offices of Jay Lewis, LLC
        P.O. Box 5059
        Montgomery, AL 36103

DATED: January 24, 2006

/s John R. Parker, Jr.
John R. Parker, Jr. (PAR 123)

SPOTSWOOD LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL  35203
Phone: 205-986-3620
Fax: 205-986-3639
E-mail: jrparker@spotswoodllc.com

Attorney for FedEx Ground Package System, Inc.