# Exhibit B



# SPOTSWOOD LLC

940 Concord Center
2100 Third Avenue North
Birmingham, Alabama 35203
205.986.3620  Fax: 205.986.3639
www.spotswoodllc.com

J.R. Parker
Direct Dial: 205.986.3624
E-mail: jrparker@spotswoodllc.com

September 1, 2005

*Via Electronic Mail, Facsimile, &*
*FedEx Overnight Delivery*
Andy Nelms, Esq.
The Law Offices of Jay Lewis, LLC
847 S. Lawrence Street
Montgomery, AL 36104

Re:   *Charlie Thornton v. FedEx Ground*

Dear Andy:

Two notices of deposition, one for Kent Gastineau, another for a 30(b)(6) representative for FedEx Ground, arrived at my desk at the close of business yesterday. I was surprised to see that you sent these notices earlier this week, without attempting to consult me in advance regarding the date you selected for these depositions, which is six calendar days from today.

We want discovery to proceed in this case, and are ready to move this case forward. Unfortunately, these depositions cannot proceed for three reasons.

First, Tuesday of next week is simply not enough time for us to produce a 30(b)(6) representative for FedEx Ground, and notice of a deposition three working days ahead of time does not provide sufficient notice, given the disruption of Kent Gastineau's work schedule that the deposition will require. We will be happy to work with you to schedule these depositions, so that any future notices issue after the parties have found a mutually-convenient time and place for the depositions.

Second, it is inconsistent with the Federal Rules of Civil Procedure—and, moreover, simply does not make sense—for depositions to proceed without *any* initial disclosure of *any* documents by either party. As FedEx Ground noted in the Rule 26 report we filed, we are happy to proceed with discovery, but only once both parties have exchanged Rule 26(a)(1) pre-discovery disclosures. We are prepared to exchange FedEx Ground's initial disclosures for Mr. Thornton's; in any event, both parties must make their initial disclosures by September 15, according to the Court's Scheduling Order. Because "initial" means "initial", and "pre-discovery" means "pre-discovery", following the required exchange of Rule 26(a)(1) disclosures between your client and ours, we will be happy to

Andy Nelms, Esq.
September 1, 2005
Page 2 of 2

work with you to schedule depositions and a mutually-convenient time and place, so that we can continue to move this case along.

Third, we will not agree to any depositions of FedEx Ground representatives until we have deposed your client Charlie Thornton. We believe that it is only appropriate for other depositions to proceed after your client has had the opportunity to explain for himself the factual basis for his claims against FedEx Ground. We are willing to let Kent Gastineau, as well as FedEx Ground's 30(b)(6) representative, be deposed immediately following Mr. Thornton's deposition.

. We hope that we can resolve these issues, ideally by the close of business today, and that it will not be necessary for us to file a motion for a protective order. However, we are ready to file such a motion tomorrow. In the meantime, please give me a call, as we much prefer to work out these issues amicably.

Very truly yours,

J.R. Parker

JRP/ema

# Law Offices of Jay Lewis, LLC

Jay Lewis  
Carol Gerard*  
K. Anderson Nelms  

P.O. Box 5059  
Montgomery, AL 36103  
Voice 334-263-7733  
Fax 334-832-4390  

* Also licensed in Connecticut, Florida, New York

September 1, 2005

J.R. Parker  
Spotswood, LLC  
940 Concord Center  
2100 Third Avenue North  
Birmingham, Alabama 35203  

*Via U.S. Mail, e-Mail jrparker@spotswoodllc.com and Facsimile (205) 986-3639*

**RE:** *Charlie Thornton v. FedEx Ground*; Depositions:  
U.S. Middle Dist. 2:05cv00656 MWF (DRB)  
Our file # 11730.

Dear J.R.:

In response to your letter of today, may this letter serve as proper notice of my office's attempt to reconcile differences regarding the dates and priorities for the taking of depositions. As always, I am interested and willing to work with opposing counsel regarding the scheduling of depositions.

As earlier mentioned in my e-mail transmission, please contact Dana Simon in my office to make scheduling arrangements. Ms. Simon has a stronger working knowledge of my schedule. However, I have instructed her that there is no rational reason allowing the defendant to take Mr. Thornton's deposition first.

Your stated reason *(see point three, your letter of September 1, 2005)* for wanting to take Mr. Thornton's deposition is irrelevant. Mr. Thornton is under no obligation to "explain for himself the factual basis for his claims" before he has an opportunity to depose a defense witness. This fact is particularly true when, as in the instance of Kent Gastineau, the defense deponent is an "at fact" witness. Secondly, in our telephone conversations, we discussed, at great length, my client's desire to depose witnesses prior to the submission of initial disclosures. This given, your alleged astonishment upon the receipt of the notices of deposition is unfounded. Lastly, it is not your province to dictate the course of discovery.

Regardless, in the spirit of compromise, I am willing to take turns at deposing witnesses. You may take Mr. Thornton's deposition directly after I take Mr. Gastineau's deposition. I will then want to depose the 30(b) representative. Also, it is not necessary to take depositions one after the other. I am more than willing to break-up the depositions such that they may be taken episodically.

J.R. Parker
Sept. 1, 2005
Discovery Letter
Page 2 of 2


On more than one occasion you have made mention that my requests are "inconsistent with the Federal Rules of Civil Procedure", please take a moment to educate me. I am unfamiliar with any rule that directs that the plaintiff must be deposed first, and, I am unfamiliar with any rule of procedure that prohibits discovery prior to the submission of initial disclosures. Otherwise, unless you can produce for me some actual legal basis for your objection, please coordinate with your client to produce the deponents requested.

Regarding Mr. Gastineau, I do appreciate his work schedule. I am willing to make myself available for depositions after hours and on Saturdays. Also, it is my understanding that some of the future deponents may be located in other areas. I have no problem traveling to another city or state. Again, please contact Ms. Simon and coordinate dates.

Your anticpated cooperation in this regard is greatly appreciated.

Sincerely,

Andy Nelms.


cc: Dana Simon
    J. Lewis

KAN/ds