# Exhibit K

 **SPOTSWOOD LLC**

940 Concord Center
2100 Third Avenue North
Birmingham, Alabama 35203
205.986.3620   Fax: 205.986.3639
www.spotswoodllc.com

J.R. Parker
Direct Dial: 205.986.3624
E-mail: jrparker@spotswoodllc.com

January 13, 2006

*Via US Mail and Electronic Mail*
Andy Nelms
The Law Offices of Jay Lewis, LLC
847 S. Lawrence Street
Montgomery, AL 36104

   Re: *Charlie Thornton v. Federal Express*

Dear Andy:

   Please find FedEx Ground's Interrogatories and Requests for Production of Documents and Things enclosed. I have also enclosed a courtesy copy of our Motion for Leave to Amend our Answer, as well as our Amended Answer, which we filed electronically today.

   If you have any questions, please don't hesitate to contact me.

     Very truly yours,

     JR Parker

JRP/ema

Enclosures

**UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| CHARLIE THORNTON, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No.  2:05-cv-00656-DRB |
| | ) |
| FEDEX GROUND PACKAGE SYSTEM, INC. | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS FROM**
**DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC. TO PLAINTIFF**
**CHARLIE THORNTON**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant FedEx Ground Package System, Inc. ("FedEx Ground") hereby propounds the following requests for production of documents to Plaintiff Charlie Thornton.   Defendant FedEx Ground requests that the documents be tendered at the offices of SPOTSWOOD LLC, 940 Concord Center, 2100 Third Avenue North, Birmingham, Alabama, 35203, by Monday, February 13, 2006.

**Instructions and Definitions**

1.     The terms "you," "your," and "Plaintiff" shall mean and refer to Charlie Thornton.

2.     This request for production of documents shall apply not only to documents directly in the possession of Plaintiff but also to documents in the possession of others as to which the Plaintiff has access, including but not limited to documentation in the possession of any of the Plaintiff's accountants, attorneys or experts.

1

3.    To the extent that you consider any of the following requests for production subject to objection, please answer that part of the request for production to which you do not object and separately state that part of each request for production to which you object and each ground for each such objection.

4.    If you claim or contend that any request for production requests information protected by any type of privilege, please identify the request for production and describe in detail the privilege asserted and the circumstances upon which the claim of privilege is based.

5.    Wherever used herein, unless otherwise stated, the singular shall be deemed to include the plural and the plural shall be deemed to include the singular.  The masculine shall be deemed to include the feminine and the feminine shall be deemed to include the masculine.  The disjunctive ("or") shall be deemed to include the conjunctive ("and") and the conjunctive ("and") shall be deemed to include the disjunctive ("or"), and each of the functional words "each," "every," "any," and "all" shall be deemed to include each of the other functional words.

6.    These requests for production are intended to be of a continuing nature.  If additional information is discovered by you or your attorney at a later date, these requests for production should be supplemented and amended immediately.

7.    The term "document," "documentation," or "documents" shall have the broadest possible meaning contemplated by Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, any written or printed matter, any tape recordings or video recordings, any electronically stored data (including information contained on servers, computers, hard drives, discs, zip drives, and the like), charts, pictures, formulas, samples, advertisements, drafts, spreadsheets, calculations, and any other means of communicating or recording human intelligence.

8.      Please provide each document in hard copy unless prior arrangements have been made in advance with undersigned counsel for submission of readily searchable electronic media.  Please "Bates Number" each page of every document you produce in response to these Requests, whereby "PLAINTIFF 00001" would be indicated on the first page of the first document produced, "PLAINTIFF 00002" would be the second page, etc.

## REQUESTS FOR PRODUCTION

1.      Please produce all documents, including notes and drafts, in any form, that constitute, evidence, reflect, or refer to any communications between the Plaintiff and any agent, attorney, employee, official or representative of FedEx Ground, specifically, regarding the Plaintiff's application to become an independent contractor for FedEx Ground.

2.      To the extent not embraced by the preceding request, please produce all documents, including notes and drafts, in any form, that constitute, evidence, reflect, or refer to any communications, including meetings, conferences, and conversations, in person or on the telephone, between the Plaintiff and any agent, attorney, employee, official, or representative of FedEx Ground regarding the Plaintiff's application to become an independent contractor for FedEx Ground.

3.      To the extent not embraced by any of the preceding requests, please produce all documents, including notes and drafts, in any form, that constitute, evidence, reflect, or refer to any messages, in electronic and/or physical form, including e-mail, between the Plaintiff and any agent, attorney, employee, official or representative of FedEx Ground regarding the Plaintiff's application to become an independent contractor for FedEx Ground.

4.      Please produce all documents that the Plaintiff received from FedEx Ground in connection with his application to become an independent contractor for FedEx Ground, including, but not limited to, any manuals, pamphlets, or handbooks.

5.      Please produce all documents, including notes and drafts, in any form, that constitute, evidence, reflect, or refer to the Plaintiff's purchase or lease of a delivery van.

6.      Please produce all documents, including notes and drafts, in any form, that constitute, evidence, reflect, or refer to the sale or release of the purchase/lease agreement for a delivery van.

7.      Please produce all documents identifying, detailing, or substantiating any damages incurred by the Plaintiff allegedly resulting from any act or omission on the part of FedEx Ground, including but not limited to any costs associated with the Plaintiff's application to become an independent contract for FedEx Ground and any other costs and/or attorney's fees alleged to have been incurred up to the present date.

8.      Please produce all documents submitted by the Plaintiff to prospective employers, placement agencies, or public or private personnel agencies reflecting the efforts, if any, of the Plaintiff to find employment since January 1, 2005.

9.      Please produce all documents reflecting any criteria or requirements of the Plaintiff (e.g., minimum salary, geographic location, etc.) with respect to prospective employment since January 1, 2005.

10.      Please produce all documents that constitute, evidence, reflect or refer to any employment contract entered into by the Plaintiff since January 1, 2005.

11.     Please produce all income tax returns with attachments filed with state and federal governments for each of the following years:  2000, 2001, 2002, 2003, 2004, and 2005.

12.     If you have not filed a tax return for 2005, please produce all documents that evidence, reflect or relate to the amount of income you earned in 2005.

13.     Please produce all documents that evidence, reflect or relate to the amount of income you have earned in 2006 as of the date of your response to this document production request.

14.     Please produce all documents reflecting income earned from any source by the Plaintiff since 2000.

15.     Please produce for each expert witness identified in response to FedEx Ground's interrogatories:  (a) the expert witness's report, including any and all drafts; (b) all documents reviewed by or relied on by any such expert in connection with the preparation of any expert report; (c) documents evidencing any communications between FedEx Ground and anyone acting on its behalf to any such expert; (d) any learned treatise or printed matter relied on by the expert to support his or her opinions in this case; (e) the complete file of each such expert related to this litigation; and (f) the fee agreement and/or contract between the Plaintiff and the Plaintiff's expert witness so identified.

16.     To the extent not embraced by any of the preceding requests, please produce all correspondence, documents or other communications (including but not limited to notes or tapes of phone conversations) exchanged between you and any of FedEx Ground's agents, servants or employees.

17.    To the extent not embraced by any of the preceding requests, please produce all correspondence, documents or other communications (including notes or tapes of phone conversations) between you and any non-party to this lawsuit regarding the allegations or claims asserted in the Complaint or defenses asserted in answers to the Complaint in this action.

18.    Please produce all documents referenced in your responses to FedEx Ground's interrogatories, or upon which you relied in answering those interrogatories.

19.    To the extent not embraced by any of the preceding requests, please produce all documents on which you intend to rely to support your claim for damages in this case.

20.    Please produce all documents that you intend to introduce or may intend to introduce in evidence at trial of this case.

21.    Please produce all documents constituting, evidencing, reflecting, or referring or relating to any alleged statement or admission against interest by FedEx Ground's agents, attorneys, employees, officials or representatives.

22.    Please produce all documents constituting, evidencing, or reflecting testimony you have given under oath in any proceeding.

23.    Please produce all documents constituting, evidencing, or reflecting any complaint—formal, informal, or legal—that has ever been lodged against you, and/or any proceedings of any nature to which you were a party.

24.    To the extent not previously requested, please produce all documents that relate in any way to the alleged events that form the basis for your Complaint in this lawsuit and any injury you allege you have suffered as a result of those events.

DATED: January 13, 2006.

John R. Parker, Jr. (PAR 123)

**SPOTSWOOD LLC**
ROBERT K. SPOTSWOOD (SPO 001)
JOHN R. PARKER, JR. (PAR 123)

940 Concord Center
2100 Third Avenue North
Birmingham, AL  35203
Phone: 205-986-3620
Fax: 205-986-3639
E-mail: jrparker@spotswoodllc.com

Attorneys for FedEx Ground Package System, Inc.

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLIE THORNTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  2:05-cv-00656-DRB |
| | ) | |
| FEDEX GROUND PACKAGE SYSTEM, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing FIRST REQUEST FOR

PRODUCTION OF DOCUMENTS AND THINGS FROM DEFENDANT FEDEX GROUND

PACKAGE SYSTEM, INC. TO PLAINTIFF CHARLIE THORNTON on the following counsel

of record by placing same in the United States Mail, postage prepaid and properly addressed, on

this the 13th of January, 2006:

K. Anderson Nelms, Esq.
The Law Office of Jay Lewis
P.O. Box 5059
Montgomery, AL 36103-5059

John R. Parker, Jr. (PAR 123)

SPOTSWOOD LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL  35203
Phone: 205-986-3620
Fax: 205-986-3639
E-mail: jrparker@spotswoodllc.com

Attorney for FedEx Ground Package System, Inc.

8

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| CHARLIE THORNTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  2:05-cv-00656-DRB |
| | ) | |
| FEDEX GROUND PACKAGE SYSTEM, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## FIRST INTERROGATORIES FROM DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC. TO PLAINTIFF CHARLIE THORNTON

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant FedEx Ground Package System, Inc. ("FedEx Ground") hereby propounds the following interrogatories to Plaintiff Charlie Thornton, to be answered separately and severally under oath by Monday, February 13, 2006.

### Instructions and Definitions

1.    The terms "you," "your," and "Plaintiff" shall mean and refer to Charlie Thornton.

2.    The terms "identify" or "identification," "describe" or "description" mean:

   a.    when used in reference to an individual, to state that individual's full name, present or last known address and telephone number, and occupation, if any;

   b.    when used in reference to a corporation, association, or business entity, to state its full name and its principal place of business;

1

      c.      when used in reference to a document, to state the type of document (for example, affidavits, reports, synopses of interviews, internal memoranda, letters, memoranda, tape recordings, or the like), date, author, addressee, its present location, the name and address of its custodian, and the substance of the contents thereof.

      d.      when used in reference to any act, occurrence, occasion, meeting, transaction or conduct ("act"), to set out the event or events constituting such an act, its location, date, and persons participating, present or involved, and the documents relating or referring in any way thereto.

3.     "Conversation(s)," as used in these interrogatories, refers to all oral communications, regardless of the manner in which such oral communication took place. When identification of a conversation is requested, the following shall be separately stated as to each communication: the date; the place or places at which it occurred; the persons and their business affiliations; the substance of the communication; the name and addresses of any other persons who, although not present or involved, possess information concerning the existence or nature of such communication.

4.     The term "document," "documentation," or "documents" shall have the broadest possible meaning contemplated by Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, any written or printed matter, any tape recordings or video recordings, any electronically stored data (including information contained on servers, computers, hard drives, discs, zip drives, and the like), charts, pictures, formulas, samples, advertisements, drafts, spreadsheets, calculations, and any other means of communicating or recording human intelligence.

5.     If you choose to respond to these interrogatories with documents, please provide each document in hard copy, unless prior arrangements have been made in advance with undersigned counsel for submission of readily searchable electronic media.  Please "Bates Number" each page of every document you produce in response to these interrogatories, whereby "PLAINTIFF 00001" would be indicated on the first page of the first document produced, "PLAINTIFF 00002" would be the second page, etc.  If you respond to any of these interrogatories with documents, any such response must specifically identify the Bates Number(s) of the responsive pages.

6.     Wherever used herein, unless otherwise stated, the singular shall be deemed to include the plural and the plural shall be deemed to include the singular.  The masculine shall be deemed to include the feminine and the feminine shall be deemed to include the masculine.  The disjunctive ("or") shall be deemed to include the conjunctive ("and") and the conjunctive ("and") shall be deemed to include the disjunctive ("or"), and each of the functional words "each," "every," "any," and "all" shall be deemed to include each of the other functional words.

7.     To the extent that you consider any of the following interrogatories subject to objection, please answer that part of the interrogatory or interrogatories to which you do not object and separately state that part of each interrogatory or interrogatories to which you object and each ground for each such objection.

8.     If you claim or contend that any interrogatory requests information protected by any type of privilege, please identify the interrogatory and describe in detail the privilege asserted and the circumstances upon which the claim of privilege is based.

9.     These interrogatories are intended to be of a continuing nature in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.  If additional information is discovered by

you or your attorney at a later date, these interrogatories should be supplemented and amended immediately.

## **INTERROGATORIES**

1.      Please identify every location at which you have resided for the last ten years, giving the street address, city, state, and zip code, as well as the length of time that you resided there.

2.      Please describe your educational background, including whether and where you attended high school, trade school, college, or graduate school.

3.      Please identify each person, firm, corporation, or other entity for whom or with whom you have been employed for the last ten years, including self-employment.

4.      With respect to each employer identified in your answer to the foregoing interrogatory, please state the date of your employment; the name of your immediate supervisor(s); the job or position you held or hold; your hours of work; your rate of pay; and the reason for any separation from employment that may have occurred.

5.      Please identify all your sources of income, including, but not limited to, income from employment, self-employment, investments, and property in each calendar year 2000–2005, and current and estimated income for 2006.

6.      Please state the amount of your gross income in each calendar year 2000–2005, and the amount of income you have earned in 2006 as of the date of your response to these interrogatories.  For the year 2005, please state your income on a monthly basis and the sources of such income.

7.    Please identify any offers of employment or specific employment opportunities that you declined in 2005.

8.    Please describe in detail any steps that you have taken to obtain employment elsewhere since you applied to become an independent contractor for FedEx Ground.

9.    Please identify each person, firm, corporation or other entity to whom you applied for employment, or made inquiry concerning possible employment, since January 1, 2005, and describe the results of each application or inquiry.

10.    Please identify the alleged contract that you assert you entered into with FedEx Ground:

      a.    Identify and describe in detail the alleged offer made by FedEx Ground.

      b.    Identify and describe in detail the alleged acceptance by the Plaintiff.

      c.    Identify and describe in detail the consideration allegedly given.

      d.    Identify and describe in detail the terms to which the Plaintiff and FedEx Ground allegedly mutually assented.

11.    Please identify and describe in detail any damages incurred by the Plaintiff allegedly resulting from any act or omission on the part of FedEx Ground, including the nature of the damages, the total amount, the method of computation, and any evidence you intend to use to support and substantiate any such damages.

12.    Please specifically identify and describe the ways in which you relied on the alleged agreement with FedEx Ground, and identify any damages allegedly resulting from that reliance, including the method of computing those damages and any evidence you intend to use to support and substantiate those alleged damages.

13.     Please state the name, address, and type of practice for each physician, psychiatrist, psychologist, therapist, or other health care professional who has treated and/or examined you in the past five years, and with respect to each physician, psychiatrist, psychologist, therapist, or other health care professional you identify, please state generally the nature of the services rendered and the dates on which each physician, psychiatrist, psychologist, therapist, or other health care professional treated and/or examined you.

14.     Please identify anyone who has knowledge of the mental and emotional anguish for which you are seeking damages and, for each person identified, state the subject matter of their knowledge and the basis for such.

15.     Please identify and detail the substance of any conversation between the Plaintiff, or any of his representatives or attorneys, and any attorney, employee, agent, official, or representative of FedEx Ground that relates in any way to the matters alleged in your Amended Complaint.

16.     To the extent not identified elsewhere in your answers, please identify each individual whom you believe may have any knowledge whatsoever relating to the allegations that are the subject matter of this lawsuit, and describe the basis of that individual's knowledge.

17.     Please identify each person whom you expect to call as an expert witness at trial, either through affidavit, deposition or live testimony (or a combination thereof).

18.     Please identify all documents withheld by you or your counsel on the basis of any privilege or protection, stating the basis of your privilege or protection claim.

19.      Please identify by case style, forum, and case number any lawsuit ever filed by or against the Plaintiff.

20.     Please identify and detail any complaint—formal, informal, or legal—that has ever been lodged against you, and/or any proceedings of any nature to which you were a party, including any complaint or proceeding brought in any manner before any professional association or government regulatory body.

21.     Please identify any crimes, including felonies, misdemeanors, and moving violations, of which you have ever been convicted, or for which you have ever been arrested or received a citation.

22.     Please identify the person(s) who answered these interrogatories, and all persons who assisted you or were consulted in answering these interrogatories.


DATED: January 13, 2006


_____
John R. Parker, Jr. (PAR 123)

**SPOTSWOOD LLC**
ROBERT K. SPOTSWOOD (SPO 001)
JOHN R. PARKER, JR. (PAR 123)

940 Concord Center
2100 Third Avenue North
Birmingham, AL  35203
Phone: 205-986-3620
Fax: 205-986-3639
E-mail: jrparker@spotswoodllc.com

Attorneys for FedEx Ground Package System, Inc.

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLIE THORNTON,<br><br>Plaintiff,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No.  2:05-cv-00656-DRB<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing FIRST INTERROGATORIES

FROM DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC. TO PLAINTIFF

CHARLIE THORNTON on the following counsel of record by placing same in the United States

Mail, postage prepaid and properly addressed, on this 13th day of January, 2006.

K. Anderson Nelms, Esq.
The Law Office of Jay Lewis
P.O. Box 5059
Montgomery, AL 36103-5059

John R. Parker, Jr. (PAR 123)

SPOTSWOOD LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL  35203
Phone: 205-986-3620
Fax: 205-986-3639
E-mail: jrparker@spotswoodllc.com

Attorney for FedEx Ground Package System, Inc.

8

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLIE THORNTON, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  2:05-cv-00656-DRB |
| | ) | |
| FEDEX GROUND PACKAGE SYSTEM, INC. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION FOR LEAVE TO AMEND ANSWER OF DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC. TO PLAINTIFF'S AMENDED COMPLAINT

FedEx Ground Package System, Inc. ("FedEx Ground") hereby moves this Court for leave to amend its answer to the Plaintiff's Amended Complaint to assert Alabama's statute of frauds, Ala. Code § 8-9-2, as an additional affirmative defense.   FedEx's proposed First Amended Answer is attached hereto as Exhibit A.

The First Amended Complaint is identical in all respects to FedEx Ground's original Answer, except for the addition of the statute of frauds as an affirmative defense.  Discovery  has just commenced in this case, and the statute of frauds has been implicated in the course of that discovery.   Specifically, the statute of frauds was implicated in tape recordings that FedEx Ground received from the Plaintiff as part of his Rule 26(a)(1) initial disclosures in November 2005—after the Court's November 1, 2005, cutoff for amending pleadings as of right.  In those tape recordings, the Plaintiff indicated that he sought a two-year contract with FedEx Ground. Because the statute of frauds bars enforcement of any oral contract that is not to be performed

1

within one year, Ala. Code § 8-9-2(1), FedEx Ground now seeks to raise the statute of frauds as an affirmative defense to the claims asserted in the Plaintiff's Amended Complaint.

Under Rule 15(a), leave to amend to plead an affirmative defense should be granted "freely . . . when justice so requires." Moreover, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quotation omitted). Finally, "[the Eleventh] Circuit has accepted a policy of liberal amendment." *United States v. Aetna Ins. Co.*, 831 F.2d 978, 983 (11th Cir. 1987).

For these reasons, FedEx Ground requests that the Court grant its motion for leave to amend its answer to Plaintiff's Amended Complaint.


DATED: January 13, 2006

/s John R. Parker, Jr.
John R. Parker, Jr. (PAR 123)
**SPOTSWOOD LLC**
ROBERT K. SPOTSWOOD  (SPO 001)
KENNETH D. SANSOM (SAN 047)
JOHN R. PARKER, JR. (PAR 123)
EMILY J. TIDMORE (VAN 041)

940 Concord Center
2100 Third Avenue North
Birmingham, AL 35203
Phone:  205-986-3620
Fax:  205-986-3639
E-mail: jrparker@spotswoodllc.com

Attorneys for FedEx Ground Package System, Inc.

2

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| CHARLIE THORNTON, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:05-cv-00656-DRB |
| | ) | |
| FEDEX GROUND PACKAGE SYSTEM, INC. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2006, I electronically filed the foregoing MOTION FOR LEAVE TO AMEND ANSWER OF DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC. TO PLAINTIFF'S AMENDED COMPLAINT with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record for the Plaintiff:

K. Anderson Nelms, Esq.
P.O. Box 5059
Montgomery, AL 36103

DATED: January 13, 2006

/s John R. Parker, Jr.
John R. Parker, Jr. (PAR 123)

SPOTSWOOD LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL  35203
Phone: 205-986-3620
Fax: 205-986-3639
E-mail: jrparker@spotswoodllc.com

Attorney for FedEx Ground Package System, Inc.