UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLIE THORNTON, | ) |
| Plaintiff, | ) ) ) ) ) |
| v. | ) Civil Action No. ) 2:05-cv-00656-MEF |
| FEDEX GROUND PACKAGE SYSTEM, INC., | ) ) ) ) |
| Defendant. | ) ) |

**REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

Defendant FedEx Ground Package System, Inc. (hereinafter "FedEx Ground") hereby respectfully replies to the Plaintiff's Response to FedEx Ground's Motion for Summary Judgment (hereinafter "Response"). For the reasons explained in FedEx Ground's Motion for Summary Judgment and its Memorandum of Law in support of that motion (hereinafter, "FedEx Ground's Motion") and in this Reply, FedEx Ground is entitled to judgment as a matter of law as to each of the claims contained in Plaintiff's Amended Complaint.

Federal Rule of Civil Procedure 56(e) provides that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth *specific facts* showing that there is a genuine issue for trial." (emphasis added). *See also Holloman v. Mail-Well Corp*., 443 F.3d 832, 2006 U.S. App. LEXIS 7447, *14-*15 (11th Cir. 2006). Moreover, "[i]f the adverse party

1

does not so respond, summary judgment, if appropriate, should be entered against the adverse party." *Id.* As set forth below, Plaintiff's Response fails to meet his burden as the adverse party to FedEx Ground's Motion, according to Rule 56(e), for each of the non-abandoned claims contained in Plaintiff's Amended Complaint.[1] Plaintiff's Response also raises, for the first time, several new, spurious, and unpleaded causes of action that are due to be rejected by the Court for a variety of reasons set forth below.

I. **Because Plaintiff has failed to meet his burden under Rule 56(e) as to Count II, the Court should rule, as a matter of law, that FedEx Ground and Plaintiff never entered into a binding contract.**

In its Motion, FedEx Ground demonstrated that Plaintiff cannot recover for breach of contract because the undisputed evidence establishes that Plaintiff and FedEx Ground never entered into a binding contract. First, because Plaintiff specifically sought a two-year contract with FedEx Ground ("I said definitely I want two years" (Motion Ex. 2—Thornton Dep. at 132:8–17)), Plaintiff's breach of contract claim is void under Alabama's Statute of Frauds; the alleged contract is plainly "not to be preformed within one year from the making thereof." Ala. Code § 8-9-2(1). Second, because Plaintiff has not produced substantial evidence of a legally valid offer and acceptance, nor of mutual assent to the terms of Plaintiff's alleged contract with FedEx Ground, Plaintiff has failed to produce specific facts that are necessary to essential

---

[1] At page 16 of his Response, Plaintiff "abandons all claims for specific performance and willfulness and wantonness." The Amended Complaint asserted a cause of action for specific performance as Count One, and the Plaintiff's Count Four is founded upon FedEx Ground's alleged "willfull misconduct, wantonness, or entire want of care." (Am. Compl. ¶ 41.) FedEx Ground is therefore due to receive judgment as a matter of law in its favor as to both Count One and Count Four of the Amended Complaint. Thus, the remaining Counts in the Amended Complaint on which FedEx Ground seeks summary judgment are Count Two (breach of contract) and Count Three (negligence).

2

elements of his breach of contract claim. Plaintiff does not substantially respond to the arguments or record evidence presented in FedEx Ground's Motion.

Instead, Plaintiff argues that when he attended an information session on January 4, 2005, where he was told about the process to become qualified to become a FedEx Ground independent contractor and that that there were routes currently available in the Montgomery, Alabama area, FedEx Ground and Plaintiff entered into what Plaintiff describes as an "executed," binding contract. The parties supposedly exchanged promises that served as consideration under Plaintiff's theory. Plaintiff says he promised to train to become an independent contractor and FedEx Ground promised to give him a route, thus creating a contract. This cannot be the case, as a matter of law, given the evidence in the record and the law cited in FedEx Ground's Motion. Plaintiff, moreover, does not dispute that he was *paid* for the time he spent training. In fact, Plaintiff's time spent in training was not consideration for anything other than the payment he received. (Motion Ex. 2—Thornton Dep. at 144:2–4; 206:16–18.) At best, Plaintiff describes an illusory agreement to agree—an agreement that, at some point in the future, Plaintiff could receive paid training as a contractor, could choose to buy an approved vehicle, and then could choose whether or not to accept a position as a FedEx Ground independent contractor.[2] This Court cannot enforce such an illusory agreement. *See Grayson v. Hanson*, 843 So. 2d 146, 150 (Ala. 2002) ("[W]hen there has been no meeting of the minds with regard to the final terms of the agreement," or "when the parties have merely agreed to later agree," there is no binding contract.)

---

[2] The policy implications of the arguments presented in Plaintiff's Response are startling. Presumably, under Plaintiff's theory of contract formation, anytime a firm offers information sessions to the public about how to become an independent contractor, and then invites interested parties to attend *paid* training about becoming an independent contractor, but it turns out there are no contracts available for the interested parties, each of those interested parties would have a cause of action against the firm, even though, at most, the firm and the interested parties only agreed possibly to enter into a contract at some point in the future.

Presumably, Plaintiff seeks expectation damages as a putative independent contractor under Count II, which illustrates the absurdity of Plaintiff's breach of contract theory. How could Plaintiff be entitled to damages for breach of contract calculated on the basis of what he might receive under a *second*, different, contract that, according to Plaintiff, was consideration to be provided at some point in the future by FedEx Ground? ("The consideration on the part of FedEx was the promise of a route [i.e., a contract] with accompanying income. . . . Plaintiff performed by giving consideration, FedEx did not." (Response at 8 (emphasis in original).) Apparently under Plaintiff's theory, if a FedEx Ground contract had been available for him in the Montgomery area, and Plaintiff chose not to accept the contract, FedEx Ground would have a cause of action against Plaintiff for damages because he failed to take the contract.

Moreover, with regard to the so-called promises that FedEx Ground made to Plaintiff, Plaintiff states that, "[a]t all times, *it was understood* that upon completion of the training course qualified applicants would be granted routes in and around the Montgomery area" (Response at 3 (emphasis added)), and that "FedEx promised that if he qualified, completed the training and purchased a truck, then he would have a route wherein he could profit from the income." (Response at 7.) Plaintiff does not offer any record evidence to support these statements, much less provide specific facts about who exactly promised what and when. However, these statements are strikingly similar to ¶¶ 6 and 8 of the Amended Complaint, which allege, respectively, that "[i]t was understood that upon completion of the training course qualified applicants would be granted routes in and around the Montgomery area," and that "Plaintiff was informed on several occasions that upon completion of the training program and procurement of a custom-made delivery truck, Plaintiff would be given a specific route in Elmore County." But use of the passive voice and repeating the "mere allegations" of the Amended Complaint are not

the *specific facts* Plaintiff must provide under Rule 56(e) in order for Plaintiff's Count Two to survive. *See Dalmau v. Vicao Aerea Rio-Grandense, S.A.*, 337 F. Supp. 2d 1299, 1304 (M.D. Ala. 2004) (to avoid summary judgment, the nonmoving party may not merely rest on the allegations in his pleadings and, instead, must come forward with evidence in support of each element of his claim, such that a reasonable jury could find in his favor). Plaintiff has not produced evidence that could support a jury finding that FedEx Ground made an enforceable promise to Plaintiff, or a jury finding that FedEx Ground assented to the terms of the illusory agreement that forms the basis of Plaintiff's breach of contract claim. *See* FedEx Ground's Motion at 13-17.

Plaintiff's Response also mistakenly claims that FedEx Ground's Statute of Frauds argument is founded upon the Operating Agreement that Plaintiff never signed. This argument would make sense, if FedEx Ground had asserted a parol evidence defense against Plaintiff's Count Two. However, as FedEx Ground's Motion sets forth in detail, its Statute of Frauds defense is based upon Plaintiff's own uncontested assertion that he sought a two-year contract with FedEx Ground. Plaintiff would have it both ways—on the one hand, he seeks damages for what he would have received under a two-year contract with FedEx Ground. On the other, he hides from his own uncontested admission of a two-year contract term, because it perforce voids his breach of contract claim under the Statute of Frauds.

Plaintiff's Response does not offer any substantial evidence of FedEx Ground's alleged offer to Plaintiff, nor of FedEx Ground's assent to the terms of Plaintiff's alleged contract with FedEx Ground. "No contract can be formed under Alabama law without an offer, acceptance, mutual assent to the essential terms, and consideration." *Dapremont v. Overcash, Walker & Co., P.C.*, 2000 U.S. Dist. LEXIS 15228 (S.D. Ala. 2000) (*citing Ex Parte Grant*, 711 So. 2d 464,

5

465 (Ala. 1997); *Steiger v. Huntsville City Board of Education*, 653 So. 2d 975, 977 (Ala. 1995)). Plaintiff also fails to adequately address FedEx Ground's argument that his breach of contract claim is voided by Alabama's Statute of Frauds. Plaintiff's Response thus fails its burden under Rule 56(e) to produce substantial evidence that would create a contested issue of fact for a jury to consider. Accordingly, Plaintiff's claim for breach of contract in Count Two fails as a matter of law and summary judgment should be granted in FedEx Ground's favor.

II. **Plaintiff's new, spurious, and unpleaded causes of action for estoppel and quasi-contract are due to be rejected outright as untimely and unsupported by the evidence, or, alternatively, held to limit Plaintiff's available remedy as a matter of law.**

FedEx Ground's Motion did not address estoppel[3] and quasi-contract because they are not part of Plaintiff's Amended Complaint, have never been identified by the Plaintiff in discovery, and they are not the subject of a Motion to Amend Plaintiff's Amended Complaint (which would nevertheless be due to be denied, under this Court's Scheduling Order and Fed. R. Civ. P. 15 and 16). This case has been pending before this Court since July 2005. Since then, Plaintiff has had ample time to conduct discovery, and, based upon that discovery, determine what causes of action he wishes to assert against FedEx Ground. The Court's scheduling order set November 1, 2005, as the deadline for amending pleadings. Plaintiff cannot bypass Rules 15 and 16 by attempting to amend his Amended Complaint with his Response. *See Payne v. Ryder System, Inc., Long Term Disability Plan*, 173 F.R.D. 537, 540 (M.D. Fla. 1997) (holding plaintiff's motion for summary judgment was an impermissible attempt to assert a new cause of action) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984). Even

---

[3] Plaintiff's Response fails to identify whether he now asserts a claim for promissory estoppel or equitable estoppel, two different causes of action in Alabama. *See*, *e.g.*, *Durham v. Harbin*, 530 So. 2d 208, 213 n.6 (Ala. 1988) (noting the distinction between the two causes of action). Regardless, both claims fail as a matter of law.

if the Court considers these new, spurious, and unpleaded causes of action, they are not supported by sufficient evidence to survive summary judgment. In the alternative, even if one of these causes of action were supported by sufficient evidence, this Court should hold that Plaintiff's remedy against FedEx Ground under each cause of action is limited as a matter of law.

Equitable estoppel is a doctrine "based upon the ground of public policy and good faith, and is interposed to prevent injustice and to guard against fraud." *Talladega City Bd. of Educ. v. Yancy*, 682 So. 2d 33, 36 (Ala. 1996) (quoting *Mazer v. Jackson Insurance Agency*, 340 So. 2d 770 (Ala. 1976)) (internal citations omitted). Accordingly, one essential element of equitable estoppel is fraud: "conduct—acts, language, or silence—amounting to a representation or a concealment of material facts… [t]hese facts must be known to the party estopped at the time of his said conduct, or at least the circumstances must be such that knowledge of them is necessarily imputed to him." *Yancy*, 682 So. 2d at 36 (quoting *Mazer*, 340 So. 2d 770 (Ala. 1976)). *See also Pate v. Billy Boyd Realty & Constr.*, 699 So. 2d 186, 193 (Ala. Civ. App. 1997) (upholding summary judgment against an equitable estoppel claim where the plaintiff could not provide substantial evidence that the defendant intended not to perform an oral agreement). Here, Plaintiff has neither argued for, nor produced substantial evidence to support, a claim that FedEx Ground ever knew that anything it ever told Plaintiff was false, or that such knowledge is "necessarily imputed to" FedEx Ground. *See* Response at 16, where Plaintiff "abandons all claims for … willfulness and wantonness." Without evidence to support this critical element of equitable estoppel, the claim is subject to summary judgment.

The Alabama Supreme Court has defined promissory estoppel as "[a] promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is

7

binding if injustice can be avoided only by enforcement of the promise." *Bush v. Bush*, 278 Ala. 244, 177 So. 2d 568 (1964). Plaintiff's new, unpleaded cause of action for promissory estoppel depends upon Plaintiff's proof that FedEx Ground actually promised Plaintiff that he was guaranteed to receive the independent contractor position that Plaintiff wanted. As explained above, and in detail in FedEx Ground's Motion, Plaintiff has failed to produce any specific facts to support a finding that FedEx Ground made such a promise. Moreover, promissory estoppel "cannot operate to create a binding effect against a party under circumstances which would not sustain a contract if one had been made." *Aldridge v. DaimlerChrysler Corp.*, 809 So. 2d 785 (Ala. 2001) (rejecting a promissory estoppel claim where there was no evidence of the term, length, or duration of an alleged promise). Similarly, as set forth above and in FedEx Ground's Motion, Plaintiff has failed to produce any evidence that defines the terms of the contract he claims he should have received from FedEx Ground (other than that it would be for two years).

Moreover, even if Plaintiff's new promissory estoppel action can survive Rule 15, Rule 16, this Court's scheduling order, and Defendant's Motion for Summary Judgment, this Court should rule that, as a matter of law, Plaintiff's remedy for promissory estoppel should be limited to his out-of-pocket expenses that constitute detrimental reliance damages.[4] *See*, *e.g.*, *Wyatt v. BellSouth, Inc.*, 757 So. 2d 403, 408 (Ala. 2000) ("The doctrine of promissory estoppel should not be used as a basis for awarding damages that would not, under general principles of contract

---

[4] If Plaintiff does have a detrimental reliance remedy against FedEx Ground for estoppel, that remedy cannot include, as mentioned in Plaintiff's Response, Plaintiff's time spent training—for which Plaintiff was paid—nor the money Plaintiff supposedly spent on the tag and title for his truck, which was financed and reimbursed by the bank who issued the promissory note on his truck, according to Plaintiff's counsel's own representations to FedEx Ground. (*See* email attached as Reply Ex. A.) Plaintiff's promissory note was paid by the independent contractor who ultimately purchased Plaintiff's truck. (Motion Ex. 15—Bill of sale of delivery van from Plaintiff to Daniel Goode.) Plaintiff's only detrimental reliance damages would be the amounts he personally expended—his down payment on his truck and his other incidental purchases related to his attempt to become a FedEx Ground independent contractor.

8

law, be recoverable in an action for breach of contract. Otherwise, the plaintiff in an action founded on promissory estoppel would be in a better position than if he had been entitled to recover in an action on a contract."). Moreover, Plaintiff cannot now seek expectancy damages, i.e., the value of an independent contractor's net income for a two-year contract, because the underlying contract would be barred by the Statute of Frauds. A party cannot "use estoppel as an affirmative device to create a contract where none otherwise exists." *Merchants Nat'l Bank v. Steiner*, 404 So. 2d 14, 19 (Ala. 1981) (quoting *McCarty v. Gant*, 29 So. 2d 136 (1947) ("estoppels . . . are protective only, and are to be invoked as shields and not as offensive weapons, and that their operation should be limited to saving harmless, or making whole, the person in whose favor they arise, and they should never be the instruments of gain or profit").

As far as Plaintiff's claim for quasi-contract is concerned, this new cause of action is founded upon the concept of unjust enrichment and restitution. *See* Alabama Pattern Jury Instructions 10.11 (measure of damages for quasi-contract is the reasonable value of benefits unjustly conferred by the plaintiff upon defendant). FedEx Ground is unsure how Plaintiff ever conferred a benefit upon FedEx for which Plaintiff has not already been compensated. Plaintiff was paid for all of his time that he spent training to become a FedEx Ground contractor. Through FedEx Ground's intercession, Plaintiff sold his truck a few weeks after he received it. The same day that Plaintiff sold his truck through FedEx Ground's intercession, Plaintiff filed suit and later claimed $350,000 in damages against FedEx Ground. (Motion at 10, Motion Ex. 14—Pl.'s Initial Disclosures at 4). Regardless, Plaintiff offers no record evidence that supports his claim for actual unjust enrichment or restitution damages via a quasi-contract theory, so this new cause of action is also due to be rejected by the Court.

### III. Because Plaintiff has failed to meet his burden under Rule 56(e) as to his tort claims, the Court should grant summary judgment on those claims.

FedEx Ground's Motion argued that Plaintiff's tort claims, in Counts Three (for negligence) and Four (for wantonness and willfulness) of his Amended Complaint, should be rejected for a variety of reasons. First, because Plaintiff has failed to establish that FedEx Ground breached a legally-cognizable duty. Second, because Plaintiff's tort claims depend upon the existence of a contract that violates the Statute of Frauds. Third, because Plaintiff's tort claims are properly considered as claims of promissory fraud, which was not sufficiently pleaded in his Amended Complaint, and Plaintiff has not presented sufficient evidence to support those claims. Plaintiff's Response, which hardly addresses these arguments, demonstrates why this Court should dispose of Plaintiff's tort claims on summary judgment, to the extent that they are not already explicitly abandoned by Plaintiff's Response.

Plaintiff responds to an argument that FedEx Ground has not made—"In large part FedEx argues that there was no physical harm and that because the relationship between the parties sounds in contract no tort claim may apply." (Response at 13.) In fact, FedEx Ground's Motion argued that Plaintiff failed to present evidence that FedEx Ground breached a legal duty it owed to Plaintiff, and that Plaintiff's "tort" claims are barred because they are founded upon an underlying contract barred by the Statute of Frauds. Plaintiff fails to respond to the later argument at all, and in response to the former, Plaintiff argues that because Kent Gastineau admits that he made a mistake, he committed a tort. A mistake is not enough. In Alabama, "[a] legal duty arises either from the common law or from a statute." *Thompson v. Mindis Metals*, 692 So. 2d 805, 807 (Ala. 1997) (quoting *Graveman v. Wind Drift Owners' Ass'n, Inc.*, 607 So. 2d 199, 203 (Ala. 1992)). Plaintiff fails to produce any evidence or argument that explains how FedEx Ground has breached a legal duty that has been established by common law or by statute.

Moreover, Plaintiff entirely fails to address FedEx Ground's argument that his tort claims are properly characterized as promissory fraud claims, which are defective as a matter of law.[5] Thus, this Court should grant summary judgment in FedEx Ground's favor on Plaintiff's tort claims. Plaintiff has failed to meet his burden under Rule 56(e).

### IV. Plaintiff's Response raises, for the first time, a new, spurious, and unpleaded claim for fraudulent suppression, that is both untimely and unsupported by the evidence.

FedEx Ground's Motion did not address a cause of action under Ala. Code § 6-5-102 because fraudulent suppression was not part of Plaintiff's Amended Complaint, has never been identified by the Plaintiff in discovery, and has never been the subject of a Motion to Amend Plaintiff's Amended Complaint (which would, again, be due to be denied, under this Court's Scheduling Order and Fed. R. Civ. P. 15 and 16). This case has been pending before this Court since July 2005. Since then, Plaintiff has had ample time to conduct discovery, and, based upon that discovery, determine what causes of action he wishes to assert against FedEx Ground. The Court's scheduling order set November 1, 2005, as the deadline for amending pleadings. Plaintiff cannot bypass Rules 15 and 16 by attempting to amend his Amended Complaint with his Response. Thus, this claim has been waived and should not be considered on its merits. *See Payne v. Ryder System, Inc., Long Term Disability Plan*, 173 F.R.D. 537, 540 (M.D. Fla. 1997) (holding plaintiff's motion for summary judgment was an impermissible attempt to assert a new

---

[5] However, in support of his new and spurious claim for fraudulent suppression, Plaintiff states that "FedEx made a promise to Plaintiff it could not or would not fulfill" (Response at 15.), implicitly acknowledging that Plaintiff's true tort cause of action is for promissory fraud. Plaintiff's Response does not address promissory fraud at all, however, despite FedEx Ground's extended argument that because Plaintiff's tort claims are founded upon FedEx's alleged promises to give him a route at some point in the future, and because Plaintiff did not sufficiently plead or produce evidence to support promissory fraud (in particular, evidence that FedEx Ground intended to deceive Plaintiff), summary judgment should be granted in FedEx Ground's favor. (Memorandum in Support of Motion for Summary Judgment at 21-24.)

cause of action) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984). Even if the Court considers this new, spurious, and unpleaded claim, it should grant summary judgment in FedEx Ground's favor, because Plaintiff has not sufficiently plead it under Fed. R. Civ. P. 9(b) and Plaintiff has failed to produce sufficient evidence to support an essential element of the claim.

Ala. Code § 6-5-102 creates a cause of action when a party suppresses a material fact that the party is under an obligation to communicate. A defendant like FedEx Ground may be held liable for fraudulent suppression "only if it had knowledge of the material fact it allegedly suppressed." *State Farm Fire & Cas. Co. v. Owen*, 729 So. 2d 834, 837 (Ala. 1998) (*citing Dodd v. Nelda Stephenson Chevrolet Inc.*, 626 So. 2d 1288, 1293 (Ala. 1993)). Fed. R. Civ. P. 9(b) requires that knowledge be plead in fraud actions. However, Plaintiff's Amended Complaint does not plead, even generally, that FedEx Ground knowledgably suppressed any facts, and Plaintiff has not produced substantial evidence that FedEx Ground ever had knowledge of the facts it supposedly fraudulently suppressed.

Moreover, Plaintiff's own Response *abandons* any claim that FedEx Ground acted willfully or wantonly, and Plaintiff can produce no record evidence to support a finding that FedEx Ground knew that there was no route available for Plaintiff and then knowledgably suppressed that fact. Because Plaintiff has failed to produce any substantial evidence of FedEx Ground's knowledgeable suppression or active concealment of material facts, there can be no fraud under Ala. Code § 6-5-102 and summary judgment should be granted in FedEx Ground's favor.[6] Plaintiff has again failed to meet his burden under Rule 56(e).

---

[6] Plaintiff also argues that FedEx Ground had a duty to disclose because of a "confidential" or "special relationship" between the parties. (Of course, this allegation is not pleaded anywhere in the Amended Complaint.) The Court need not reach this issue, because Plaintiff has failed to plead or produce evidence of FedEx Ground's knowledge of the facts

12

**V.      Plaintiff's Response abandons his claims for specific performance and wantonness, as well as mental anguish and punitive damages.**

Lastly, as noted above, Plaintiff's Response at 6 abandons his claims for "specific performance and willfulness and wantonness," respectively, Counts One and Four of his Amended Complaint. Additionally, Plaintiff fails to respond to any of the arguments presented in FedEx Ground's Motion as to why this Court should grant summary judgment against Plaintiff's claims for mental anguish and punitive damages. Because Plaintiff has failed to meet his burden under Rule 56(e) to respond with specific facts in support of those claims, the Court should grant summary judgment in FedEx Ground's favor on Plaintiff's Count One and Count Four, as well as Plaintiff's claims for mental anguish and punitive damages.

**CONCLUSION**

FedEx Ground's Motion for Summary Judgment sets forth the uncontested facts of this case and explains why, accepting the facts most favorable to Plaintiff as true, summary judgment is due to be granted in FedEx Ground's favor on all four counts of Plaintiff's Amended Complaint. Because Plaintiff's Response abandons his remaining claims, the Court only needs

---

supposedly suppressed. However, Plaintiff also fails to produce any record evidence or legal argument that would establish that FedEx Ground was in a confidential relationship with Plaintiff. The existence of a duty in a fraudulent concealment claim is a question of law to be determined by the trial judge. *See State Farm Fire & Cas. Co. v. Owen*, 729 So. 2d 834, 839 (Ala. 1998). Here, Plaintiff has produced no record evidence or legal argument in his Response that indicates FedEx Ground was in a legally-cognizable confidential relationship with Plaintiff. However, "Alabama law presumes that [parties in commercial relationships] are capable of handling their own affairs and guarding their interests by asking reasonably specific, direct questions that will satisfy their need for information. The parties decide what information they need, and the law protects their rights to receive it." *Shutter Shop, Inc. v. Amersham Corp.*, 114 F. Supp. 2d 1218, 1225 (M.D. Ala. 2000) (applying Alabama law). There is no evidence in this case that Plaintiff ever asked FedEx Ground whether he was guaranteed to get the contract in Elmore County that he wanted.

to consider his claims under Counts Two (breach of contract) and Three (negligence) of the Amended Complaint.

FedEx Ground's Motion is due to be granted because Plaintiff has not produced substantial evidence to support essential elements of Plaintiff's breach of contract claim in Count Two, and that claim is nevertheless barred by the Statute of Frauds. Plaintiff's Response does not present substantial evidence of an offer and acceptance, nor of mutual assent to the terms of the contract FedEx Ground supposedly breached, a contract that is really an illusory "agreement to agree." Because Plaintiff has failed to produce evidence necessary to prove his breach of contract claim, summary judgment is therefore due to be granted to FedEx Ground. To the extent Plaintiff does identify any terms of his contract with FedEx Ground, he asserts that he had an oral agreement with FedEx Ground with a two-year term, which bars his claim, as a matter of law, under the Statute of Frauds. In his Response, Plaintiff also presents, for the first time, unpleaded and untimely causes of action for estoppel (whether promissory or equitable estoppel, he does not say) and quasi-contract, which, alternatively, this court should not consider, reject as unsupportable on the evidence produced, or, at the very least, rule to limit Plaintiff's remedy to his out-of-pocket expenses directly associated with trying to become a FedEx Ground contractor.

FedEx Ground's Motion is also due to be granted because Plaintiff has not produced substantial evidence to support essential elements of the only tort claim he has not abandoned, the so-called "negligence" claim of Count Three. If Plaintiff's negligence claim is characterized as a simple negligence claim, Plaintiff has failed to meet his burden to produce evidence that FedEx Ground breached a legal duty to the Plaintiff. Moreover, an essential element of his tort claim relies upon an agreement that is barred by the Statute of Frauds, so the claim is barred as a matter of law. Additionally, because Plaintiff's tort claim revolves around FedEx Ground's

14

alleged promise to engage in future conduct (i.e., to give Plaintiff a route), it should be considered as a promissory fraud claim, which should be rejected—because it was not sufficiently plead and because Plaintiff has not produced substantial evidence that FedEx Ground acted with an intent to deceive, an essential element of promissory fraud. Plaintiff's Response basically ignores these arguments, though, and instead argues that because Kent Gastineu made a mistake in Plaintiff's paperwork, FedEx Ground committed a tort, failing to produce any evidence that FedEx Ground actually breached a "legal duty aris[ing] either from the common law or from a statute."

Plaintiff's Response also argues that he has some sort of promissory fraud claim against FedEx Ground, a claim that he has never been pleaded and that he identifies for the first time in his Response to FedEx Ground's Motoin. The Court should not consider this claim, because it has never been pleaded and is untimely. To the extent the Court does consider the claim, however, it should grant summary judgment in FedEx Ground's favor, because Plaintiff failed to plead the claim adequately under Rule 9(b) and he has failed to produce substantial evidence that FedEx Ground ever deliberately suppressed any material information, and because Plaintiff failed to produce substantial evidence that FedEx Ground had a legally-cognizable special or confidential relationship with Plaintiff. Both knowledge and a duty to disclose are essential elements of Plaintiff's spurious cause of action for fraudulent suppression, so summary judgment should be granted in FedEx Ground's favor.

Plaintiff's Response also fails to respond to FedEx Ground's argument that mental anguish and punitive damages are not available as a matter of law, should any of his claims survive FedEx Ground's Motion. The Court should therefore rule that such damages are simply not available as a matter of law, for the reasons set forth in the Motion.

Because Plaintiff has failed to meet his burden to produce "specific facts showing that there is a genuine issue for trial" under Rule 56(e), this Court should grant summary judgment in FedEx Ground's favor as to each claim contained in Plaintiff's Amended Complaint, including Plaintiff's claims for mental anguish and punitive damages. To the extent any of Plaintiff's claims survive summary judgment, this Court should rule that his damages are limited to the amount Plaintiff spent on out-of-pocket expenses directly associated with his attempt to become a FedEx Ground contractor.

DATED: May 26, 2006

/s Robert K. Spotswood
Robert K. Spotswood (SPO 001)

**SPOTSWOOD LLC**
KENNETH D. SANSOM (SAN 047)
JOHN R. PARKER, JR. (PAR 123)
EMILY J. TIDMORE (VAN 041)

940 Concord Center
2100 Third Avenue North
Birmingham, AL 35203
Phone: 205-986-3620
Fax: 205-986-3639
E-mail: rks@spotswoodllc.com

*Attorneys for FedEx Ground Package System, Inc.*

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLIE THORNTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FEDEX GROUND PACKAGE SYSTEM, INC. )<br>)<br>Defendant. ) | Civil Action No.<br>2:05-cv-00656-MEF |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2006, I electronically filed the foregoing REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record for the Plaintiff:

K. Anderson Nelms, Esq.
Jay Lewis, Esq.
The Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103

DATED: May 26, 2006

/s Robert K. Spotswood
Robert K. Spotswood (SPO 001)

SPOTSWOOD LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL  35203
Phone: 205-986-3620

17

        Fax: 205-986-3639
        E-mail: rks@spotswoodllc.com

        *Attorney for FedEx Ground Package System, Inc.*