IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLIE THORNTON, | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) |
| v. | )   CASE NO.: 2:05-cv-656-MEF |
| | ) |
| FEDEX GROUND PACKAGE SYSTEM, INC., | ) (WO- Not Recommended for Publication) |
| | ) |
| | ) |
|     DEFENDANT. | ) |

## **MEMORANDUM OPINION AND ORDER**

Charlie Thornton ("Plaintiff") brings suit against FedEx Ground Package System, Inc. ("FedEx Ground"). Plaintiff alleges that FedEx Ground recruited him to become an independent contractor of delivery services. In his Amended Complaint, Plaintiff demands specific performance of an alleged contract with FedEx Ground (Count I) and seeks damages for an alleged breach of contract (Count II), negligence (Count III), and gross negligence, wantonness and willfulness (Count IV). This cause is presently before the court on a Motion for Summary Judgment by Defendant FedEx Ground Package System, Inc. (Doc. # 26).

## **JURISDICTION AND VENUE**

Subject matter jurisdiction over Plaintiff's claims is proper under 28 U.S.C. § 1332 (diversity). The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations in support of both personal jurisdiction and venue.

## **SUMMARY JUDGMENT STANDARD**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is

appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). After the

nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

## FACTS AND PROCEDURAL HISTORY

The court has carefully considered all deposition excerpts and documents submitted in support of and in opposition to the motion. The submissions of the parties, viewed in the light most favorable to Plaintiff, the non-moving party, establish the following relevant facts:

In January of 2005, Plaintiff observed an advertisement in the Montgomery Advertiser newspaper for independent drivers. By this advertisement, FedEx Ground invited potential drivers to attend an informational session at the Holiday Inn on the evening of January 4, 2005. The advertisement also indicated that potential drivers were to meet qualifications including the ability to purchase a delivery vehicle.

Plaintiff attended the informational session. Stan Trott ("Trott") of FedEx Ground presented information to those in attendance. Trott stated that FedEx Ground had two, or possibly three, open routes available in the Montgomery area, including a route in Elmore County where Plaintiff lived, for qualified independent contractors. FedEx Ground had established certain requirements for its independent contractors. To be eligible for a route, potential independent contractors were required to complete a training course, for which they were paid, and to purchase a delivery vehicle.

Plaintiff made an application to become an independent contractor. He was

specifically interested in a two-year agreement with FedEx Ground. After applying, he passed a drug test and a physical examination. FedEx Ground examined his driving history. He attended a two-week training program in Birmingham. He then continued his training in Montgomery. During his training he was given official FedEx uniforms, delivery paperwork, an identification badge, and various instructional manuals. Additionally, he was instructed about which map book to purchase. Plaintiff applied to lease/purchase a delivery truck to use on his route. He obtained financing from Sterns Bank to purchase the vehicle from FedEx Ground.

It is undisputed that in February of 2005, Kent Gastineau ("Gastineau") became the Operations Manager for FedEx Home Delivery in Montgomery, Alabama. Gastineau assumed Trott's duties, including processing Plaintiff's application to become an independent contractor. During the spring of 2005, Gastineau sought approval of two new independent contractors to serve these Montgomery area routes: Plaintiff for Elmore County and Isaac Scott for Troy, Alabama. The Troy route was an established route that had been abandoned by the independent contractor who had serviced it previously. The Elmore County route would be a new route, created in addition to an extant Elmore County route due to an increase in the packages being shipped to that area. Gastineau experienced problems getting approval to award the two routes to the two prospective contractors.

In April of 2005, Plaintiff met with Gastineau. The purpose of the meeting was to

sign documents[1] relating to a route in Elmore County, Alabama, but those documents were not signed because of a problem with the paperwork. On May 3, 2005, Plaintiff's delivery truck arrived. At some point in May, the local terminal manager informed Plaintiff that there were further problems with Plaintiff's paperwork related to the Elmore County route. Eventually, Gastineau learned that the Elmore County route had not been approved. On May 16, 2005, Gastineau told Plaintiff that there was no local routes that could be assigned to him. Gastineau offered Plaintiff a route in Anniston, Alabama, which Plaintiff rejected. With help from FedEx Ground, Plaintiff sold his delivery vehicle before he had to make any payments on it.

On May 25, 2005, Plaintiff filed suit against Federal Express and several fictitious parties in the Circuit Court of Montgomery County, Alabama. Plaintiff's Complaint set forth the following causes of action: specific performance (Count I); breach of contract (Count II); negligence (Count III); and gross negligence, wantonness, and willfulness (Count IV). On July 14, 2005, FedEx Ground removed the case to this court invoking its subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Shortly thereafter, Plaintiff moved for leave to amend the complaint to properly identify the defendants. After the court granted Plaintiff leave, he filed the Amended Complaint (Doc. # 3) which sets forth causes of action

---

[1] FedEx Ground executes a comprehensive written contract with independent contractors awarded delivery routes. The contract is called an "Operating Agreement." It is undisputed that FedEx Ground does not enter into independent-contractor relationships with contractors who have not executed this Operating Agreement. It is also undisputed that FedEx Ground did not execute an Operating Agreement with Plaintiff.

against FedEx Ground for: : specific performance (Count I); breach of contract (Count II); negligence (Count III); and gross negligence, wantonness, and willfulness (Count IV). After conducting discovery, FedEx Ground filed the instant motion for summary judgment which Plaintiff has opposed.

## DISCUSSION

### A. Plaintiff's Claims for Specific Performance, Willfulness, and Wantonness

Among the claims raised by Plaintiff's Amended Complaint are claims for specific performance (Count I), willfulness (Count IV) and wantonness (Count IV). By its motion for summary judgment, FedEx argued for judgment in its favor on these claims. In response, Plaintiff has explicitly abandoned these claims. *See* Doc. # 34 at p. 16. For this reason, the court finds that the motion for summary judgment is due to be GRANTED in FedEx's favor on the claims for specific performance (Count I), willfulness (Count IV) and wantonness (Count IV).

### B. Plaintiff's Breach of Contract Claim

In Count II of the Amended Complaint, Plaintiff alleges that he entered into a contract with FedEx Ground and performed all actions demanded of him to qualify as a contract driver. Plaintiff further alleges that FedEx Ground repeatedly informed him that he would be given a route to service, but that ultimately FedEx Ground refused to provide Plaintiff with a delivery route, thereby breaching its agreement with him.

FedEx Ground argues that it is entitled to summary judgment on Plaintiff's breach of

contract claim. The court agrees. Under Alabama law, an agreement to agree at some point in the future is not enforceable by a breach of contract claim. *See, e.g., Grayson v. Hanson,* 843 So. 2d 146, 150-51 (Ala. 2002); *Clanton v. Bains Oil Co., Inc.,* 417 So. 2d 149, 151 (Ala. 1982). As articulated in the Amended Complaint and as argued in the submissions in opposition to summary judgment, Plaintiff's breach of contract claim is this very type of agreement to later agree which is not enforceable by a breach of contract action.[2] Plaintiff's breach of contract claim (Count II) fails as a matter of law, and the motion for summary judgment on that claim is due to be GRANTED.

**C. Plaintiff's Negligence and "Gross Negligence" Claims**

In Count III of the Amended Complaint, Plaintiff alleges that FedEx Ground owed him a duty of care when it induced him to committing to take the steps to qualify as for an independent contractor route and that it negligently breached that duty causing Plaintiff damage. In Count IV of the Amended Complaint, Plaintiff alleges that FedEx Ground owed him a duty to properly inform him as to the availability of routes available for contract which it breached causing Plaintiff damage In support of its motion for summary judgment, FedEx Ground argues, *inter alia,* that Plaintiff cannot identify and has not identified any legal duty

---

[2] Of course, any breach of contract claim arising out of an oral agreement to award Plaintiff a delivery route in the Montgomery area for two years, the contract Plaintiff contends he was ultimately supposed to enter into with FedEx Ground, is barred by the Alabama Statute of Frauds, which requires a signed writing to memorialize agreements to be performed over a period of more than a year. *See, e.g., Ex parte Ramsay,* 829 So. 2d 146, 155 (Ala. 2002); Ala. Code § 89-2(1) (1975).

it owed Plaintiff and that as a result Plaintiff's claims of negligence fail as a matter of law. Plaintiff makes no coherent response in opposition to this argument.

The court agrees with FedEx Ground on this point. In order to establish a claim of negligence, a plaintiff must show, among other things, that FedEx Ground breached a legal duty it owed to Plaintiff. *See, e.g., Thompson v. Mindis Metals,* 692 So. 2d 805, 807 (Ala. 1997). Alabama law provides that "[a] legal duty arises either from the common law or from a statute." *Thompson,* 692 So. 2d at 807 (quoting *Graveman v. Wind Drift Owners' Ass'n, Inc.,* 607 So. 2d 199, 203 (Ala. 1992)). Plaintiff has utterly failed to identify any facts from which a reasonable jury could find that FedEx Ground owed Plaintiff a duty or breached that duty. For this reason, FedEx Ground is entitled to judgment as a matter of law on Plaintiff's negligence claim, and its motion for summary judgment is due to be GRANTED to the extent that it seeks summary judgment on Counts III and IV of the Amended Complaint.

**D. Other Claims**

In Plaintiff's Response to Motion for Summary Judgment (Doc. # 34), Plaintiff argues that he has established several claims which were not included in either the Complaint or the Amended Complaint. For example, Plaintiff contends that he has claims against FedEx Ground for equitable estoppel, promissory estoppel, quasi-contract, and fraud. While there are a number of reasons that this court could find that such claims fail as a matter of law, the court need not set those reasons forth here because the claims are not properly a part of this action. Plaintiff's failure to include these claims in either the Complaint or the Amended

Complaint precludes him from arguing them as possible grounds for denying the pending motion for summary judgment. It is axiomatic that a plaintiff may not amend his complaint by arguments made in briefs submitted in opposition to summary judgment. *See, e.g., Gilmour v. Gates, McDonald & Co.,* 382 F.3d 1312, 131415 (11th Cir. 2004). To the extent that Plaintiff has attempted to do so, this court will not allow him to add claims to his lawsuit for equitable estoppel, promissory estoppel, quasi-contract, and fraud.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Motion for Summary Judgment by Defendant FedEx Ground Package System, Inc. (Doc. # 26) is GRANTED. This court will enter a separate final judgment taxing costs.

DONE this the 20th day of June, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE