[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

```
                                          FILED
                                   U.S. COURT OF APPEALS
                                     ELEVENTH CIRCUIT
       No. 06-14079                     FEB 12, 2007
    Non-Argument Calendar            THOMAS K. KAHN
                                          CLERK
```

D. C. Docket No. 05-00656-CV-F-N

CHARLIE THORNTON,

                Plaintiff-Appellant,

versus

FEDEX GROUND PACKAGE SYSTEM, INC.,

                Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Alabama

(February 12, 2007)

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

This is an appeal by appellant Charlie Thornton ("Thornton") from the district court's grant of summary judgment in favor of FedEx Ground Package ("FedEx") on Thornton's complaint alleging breach of contract, negligence, specific performance of an alleged contract with FedEx, and gross negligence, wantonness and willfulness.

We review a district court's grant of summary judgment *de novo*, applying the same legal standards used by the district court. *Lucas v. W. W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001). Summary judgment is appropriate where "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In his appellate brief, Thornton presents two issues for review:

(1) Whether the district court erred in granting summary judgment for FedEx on Thornton's claim of breach of contract; and

(2) Whether the district court erred in granting summary judgment for FedEx on Thornton's claim of negligence.

Because the remaining issues discussed in the district court's memorandum opinion were not raised in Thornton's appellate brief, they are deemed waived. *See U. S. v. Nealy*, 232 F.3d 825, 830 (11th Cir. 2000).

Concerning the breach of contract claim, we agree with the district court that it fails as a matter of law. Thornton failed to produce evidence demonstrating that he and FedEx entered into a legally binding contract. Moreover, he failed to produce evidence that could convince a reasonable juror that there was an offer and acceptance or any mutual assent as to the terms of the alleged agreement. At most, Thornton produced evidence that he and FedEx entered into an agreement to agree at some point in the future. Under Alabama law, an agreement to agree at some point in the future is not enforceable by a breach of contract claim. *See Grayson v. Hanson*, 843 So. 2d 146, 150-151 (Ala. 2002).

We also agree with the district court that Thornton's negligence claim fails as a matter of law. Thornton failed to identify a legal duty that FedEx allegedly breached that could form the basis of Thornton's negligence claim against FedEx. Under Alabama law, in order to establish a claim of negligence, a plaintiff must show, among other things, that the defendant breached a legal duty it owed to plaintiff. *See Thompson v. Mindis Metals, Inc.*, 692 So. 2d 805, 807 (Ala. 1997). Moreover, Alabama law provides that "[a] legal duty arises either from the common law or from a statute." *Id.* (citing *Graveman v. Wind Drift Owners' Ass'n, Inc.*, 607 So. 2d 199, 203 (Ala. 1992)).

Accordingly, for the above-stated reasons, we affirm the district court's grant of summary judgment in favor of FedEx.

AFFIRMED.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia